**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 6, 2011

No. 10-40820

Lyle W. Cayce
Clerk

TONI HOLLINGER; BERTHA JOHNSON; FERNANDO DELUNA; NORMA
HOLDER; SANDRA DUPLANT; PATRICIA RANDOLPH; PLAINTIFF CLASS;
ALL PLAINTIFFS,

Plaintiffs - Appellants

v.

HOME STATE MUTUAL INSURANCE COMPANY; OLD AMERICAN
COUNTY MUTUAL FIRE INSURANCE COMPANY; CONSUMERS COUNTY
MUTUAL INSURANCE COMPANY; SOUTHERN COUNTY MUTUAL
INSURANCE COMPANY; AFFIRMATIVE INSURANCE COMPANY;
AMERICAN CENTURY CASUALTY COMPANY; AMERICAN HALLMARK
INSURANCE COMPANY OF TEXAS; AMERICAN INTERNATIONAL
INSURANCE COMPANY; DIRECT GENERAL INSURANCE COMPANY;
DORINCO RE-INSURANCE COMPANY; FIRST ACCEPTANCE INSURANCE
COMPANY; GENERAL INSURANCE COMPANY OF AMERICA; IMPERIAL
FIRE AND CASUALTY INSURANCE COMPANY; INTEGON NATIONAL
INSURANCE COMPANY; MENDOTA INSURANCE COMPANY; MIDDLE
STATES INSURANCE COMPANY; NATIONAL GENERAL INSURANCE
COMPANY; REPUBLIC UNDERWRITERS INSURANCE COMPANY; TITAN
INDEMNITY COMPANY; TRANSATLANTIC RE-INSURANCE COMPANY;
UNITED AUTOMOBILE INSURANCE COMPANY; YOUNG AMERICA
INSURANCE COMPANY,

Defendants - Appellees

ODYSSEY AMERICA REINSURANCE CORPORATION,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas

No. 10-40820

Before REAVLEY, GARZA, and GRAVES, Circuit Judges.

PER CURIAM:

Plaintiffs, appellants and cross appellees Toni Hollinger, Bertha Johnson, Fernando Deluna, Norma Holder, Sandra Duplant, and Patricia Randolph, as class representatives (collectively "the Insured"), filed this class action case alleging violations of the *Texas Insurance Code.* The Insured allege insurance discrimination in the non-standard insurance market, which serves lower income individuals and those drivers with less than ideal driving records.

The defendants and appellees are  Home State County Mutual Insurance Company (misnamed as "Home State Mutual Insurance Company" in the district court), Old American County Mutual Fire Insurance Company, Consumers County Mutual Insurance Company, Southern County Mutual Insurance Company, Affirmative Insurance Company, American Century Casualty Company, American Hallmark Insurance Company of Texas, American International Insurance Company, Direct General Insurance Company, Dorinco Re-insurance Company, First Acceptance Insurance Company, General Insurance Company of America, Imperial Fire and Casualty Insurance Company, Integon National Insurance Company, Mendota Insurance Company, Middle States Insurance Company, National General Insurance Company, Republic Underwriters Insurance Company, Titan Indemnity Company, Transatlantic Re-Insurance Company, United Automobile Insurance Company and Young America Insurance Company, as well as defendant, appellee and cross appellant[1] Odyssey America Reinsurance Company (collectively "the Insurance Companies").

The jurisdictional basis for the district court's original jurisdiction was diversity of citizenship pursuant to the *Class Action Fairness Act* ("CAFA"), 28

---

[1] Under 5th Cir. R. 42(b), the cross-appeal of Odyssey America Reinsurance Company was dismissed as of April 6, 2011, pursuant to the joint motion of the parties.

No. 10-40820

U.S.C. § 1332(d). The Insurance Companies each moved to dismiss the case based on the "local controversy" and "home state" mandatory abstention provisions of CAFA, 28 U.S.C. § 1332(d)(4).

The litigants have asked this court to consider the following issues:

I.     Whether the district court erred when it found that the Insurance Companies proved, by a preponderance of the evidence, that at the time the lawsuit was filed on August 17, 2009, more than two-thirds of the members of the Insured classes were citizens of the United States or permanent aliens, for purposes of determining mandatory abstention pursuant to CAFA, 28 U.S.C. § 1332(d)(4).

II.    Whether the district court erred when it found that the Insurance Companies proved, by a preponderance of the evidence, that at the time the lawsuit was filed on August 17, 2009, more than two-thirds of the members of the Insured classes were domiciled in and citizens of Texas, for the purposes of determining mandatory abstention pursuant to CAFA, 28 U.S.C. § 1332(d)(4).

This court finds no reversible error. We AFFIRM.

## I. ESSENTIAL BACKGROUND

The Insured's operative complaint defines their proposed class as:

> All persons who purchased an automobile insurance policy in Texas of [one of the County Mutual[2] insurance companies] and whose policies were in effect on or after August 17, 2007 up to the date of judgment, specifically excluding all federal district and magistrate judges of the Eastern District of Texas and members of their immediate families, Class Counsel and the directors, officers, and the employees of the defendants . . .

---

[2] The County Mutuals are: Home State County Mutual Insurance Company, Old American County Mutual Fire Insurance Company, Consumers County Mutual Insurance Company and Southern County Mutual Insurance Company.

No. 10-40820

The Insured allege that various County Mutuals have violated the anti-discrimination provisions of Section 544.052 of the *Texas Insurance Code*, by charging certain consumers higher policy fees on their automobile insurance than they charged other consumers, when those consumers were of the same class and hazard. The Insured also allege that the Reinsurers[3], which the Insured define as the Insurance Companies other than the County Mutuals, have participated in and permitted such violations of the *Texas Insurance Code*. The Insured assert diversity subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d)(2). The Insurance Companies prevailed at the trial court on motions to dismiss on the grounds that CAFA's "local controversy" and "home state" exceptions required the district court to abstain from jurisdiction pursuant to 28 U.S.C. § 1332(d)(4), which is the crux of this case.[4]

## II. STANDARD OF REVIEW

"This court reviews legal issues *de novo*." *Harris v. Trustmark Nat'l Bank*, 287 Fed. Appx. 283, 293 (5th Cir. 2008). This court reviews the district court's factual findings as to the citizenship of parties for clear error. *Preston v. Tenet Healthsystem Medical Memorial Center, Inc.* ("*Preston I*"), 485 F.3d 793, 795

---

[3] The Reinsurers are: Affirmative Insurance Company, American Century Casualty Company, American Hallmark Insurance Company of Texas, American International Insurance Company, Direct General Insurance Company, Dorinco Re-Insurance Company, First Acceptance Insurance Company, General Insurance Company of America, Imperial Fire and Casualty Insurance Company, Integon National Insurance Company, Mendota Insurance Company, Middle States Insurance Company, National General Insurance Company, Republic Underwriters Insurance Company, Titan Indemnity Company, Transatlantic Re-Insurance Company, United Automobile Insurance Company, Young America Insurance Company and Odyssey America Reinsurance Company.

[4] All of the Insurance Companies (save and except for Consumers County Mutual Insurance Company ("Consumers")) do not challenge subject matter jurisdiction based on the required $5,000,000 jurisdictional amount in controversy embodied in 28 U.S.C. § 1332(d)(2). Only Consumers challenged whether the jurisdictional amount was met, and based on circumstances applicable to it alone, Consumers prevailed on that issue at the district court. On appeal to this court, the Insured do not challenge the dismissal of Consumers on the basis of the jurisdictional amount.

No. 10-40820

(2007) (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)).  The standard of review is whether the district court clearly erred in making its decisions with respect to the citizenship of the members of the plaintiff class.  *Preston*, *supra*, 485 F.3d at 796.  Clear error exists when "although there may be evidence to support it, the reviewing court on the entire [record] is left with the definite and firm conviction that a mistake has been committed."  *Id*. at 796-97; *Campos v. City of Baytown, Tex.*, 840 F.2d 1240, 1243 (5[th]th Cir. 1988) (citing *Anderson v. City of Bessemer, N.C.*, 470 U.S. 564, 573 (1985); *see also Sheffield v. Itawamba County Bd. of Supervisors*, 439 F.2d 35 (5th Cir. 1971) (motion to dismiss class action).  This court also recognizes "the inherent power of the court to protect its jurisdiction and judgments and to control its docket."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

## III.  ANALYSIS

### A.  Class Action Fairness Act

CAFA greatly expands federal[5] jurisdiction over interstate class action lawsuits.  *In re Katrina Canal Litig. Breaches,* 524 F.3d 700, 711 n. 47 (5th Cir.2008)**;** *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.* ("*Preston II*")*,* 485 F.3d 804, 810 (5th Cir.2007)**;** *Werner v. KPMG, L.L.P.,* 415 F.Supp.2d 688, 691 (S.D.Tex.2006)**.  CAFA accords subject matter jurisdiction for certain cases with at least minimal diversity of citizenship:**

> **(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which–**

---

[5] "Because interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, [Congress] firmly believes that such cases properly belong in federal court."  S. REP. NO. 109-14, at 4 (2005)**, *as reprinted in* 2005 U.S.C.C.A.N. 3, 5.**

No. 10-40820

> **(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;**
> **(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or**
> **(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2).**

**Accordingly, CAFA grants the federal courts original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties (*i.e.,* at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the primary defendants are not states, state officials, or other governmental entities.** 28 U.S.C. § 1332(d)(2)**, (5);** *see also* *In re Katrina Canal Litig. Breaches, supra*, 524 F.3d at 706**;** *Preston II, supra*, 485 F.3d at 810**;** *Werner, supra*, **415 F.Supp.2d at 691**.

**B. "Local Controversy" and "Home State" Exceptions to CAFA**

Indeed, the law is not complete without its exceptions. CAFA requires federal courts to decline jurisdiction over a proposed class action if either of the following narrow exceptions is proven by a preponderance of the evidence: (1) the local controversy exception, 28 U.S.C. § 1332(d)(4)(A); or (2) the home state exception, 28 U.S.C. § 1332(d)(4)(B). The CAFA mandatory abstention provisions are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 682 (7th Cir. 2006).

**(1) "Local Controversy" Mandatory Abstention**

6

No. 10-40820

Pursuant to the "local controversy" mandatory abstention provision of CAFA, the district court "shall decline to exercise jurisdiction":

> (i) over a class action in which-
> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant-
> (aa) from whom significant relief is sought by members of the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.  28 U.S.C. § 1332(d)(4)(A).

"Congress crafted CAFA to exclude only a narrow category of truly localized controversies, and the exceptions provide a statutory vehicle for the district courts to ferret out the controversy that uniquely affects a particular locality to the exclusion of all others." *Preston II*, 485 F.3d at 823 (citing *Evans v. Walter Indus., Inc.*, 449 F.3d 1159 (11th Cir. 2006)) (internal quotes omitted).

**(2)  "Home State" Mandatory Abstention**

CAFA's "home state" mandatory abstention provision states:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2) [over a class action in which]--
> (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.  28 U.S.C. § 1332(d)(4)(B).

No. 10-40820

In other words, the home state mandatory abstention provision prevents a federal district court from exercising subject matter jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(B).

## C.  Burden of Proof and Evidentiary Standard under CAFA

Jurisdictional determinations "should be made largely on the basis of readily available information." S. REP. NO. 109-14, at 44; *accord Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 692 (9th Cir.2006); *Hirschbach v. NVE Bank,* 496 F.Supp.2d 451, 460 (D.N.J.2007).  "The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Coury*, *supra*, 85 F.3d at 249; *accord Preston II,* 485 F.3d at 817; *see, e.g., Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.,* 463 F.Supp.2d 583, 592-93 (E.D.La.2006) (district court ordered the defendants to produce additional evidence regarding the citizenship of the putative class).

This court has held that the party objecting[6] to CAFA jurisdiction must prove that the CAFA exceptions to federal jurisdiction divests the district court of subject matter jurisdiction.  *Preston II*, *supra*, 485 F.3d at 813-14; *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006).  Here, the Insurance Companies bore the burden of proof as to each element of the "local controversy" and "home state" mandatory abstention provisions of CAFA.  *See*, *e.g.*, *Preston II*, 485 F.3d at 813.  Since both of the two mandatory abstention provisions

---

[6] In the present instance, the Insured originally filed their complaint in federal court, so the Insurance Companies did not file motions to remand to state court like in *Preston II*, but instead, the Insurance Companies filed motions to dismiss.  Nevertheless, the same reasoning applies.  Although a motion to remand to state court and a motion to dismiss are not the same, the net result here is the same – the removal of the case from federal court on the theory that it is a "local controversy" or "home state" in nature.

require proof, by a preponderance of the evidence, that two-thirds or more of the members of the proposed class are citizens of the state where the action is filed, the dispositive issue here is whether the Insurance Companies proved the "two-thirds element" of the CAFA mandatory abstention provisions by a preponderance of the evidence.  *See* 28 U.S.C. § 1332(d)(4)(A)(i)(I); 28 U.S.C. § 1332(d)(4)(B).

## D.  Proving Citizenship:  Residence and Intention to Remain

> "In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.  A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change.  Domicile requires the demonstration of two factors: residence and the intention to remain."  *Preston I*, 485 F.3d at 797-98 (internal cites omitted).

Evidence of a person's place of residence, however, is prima facie proof of his domicile.  *Preston I,* 485 F.3d at 799 (citing *Stine,* 213 F.2d at 448); *Martin,* 548 F.Supp.2d at 273 n. 22.  Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."  *Preston I,* 485 F.3d 798; *see also Acridge,* 334 F.3d at 448.

Here, the Insurance Companies moved to dismiss the Insured' class action based on the "local controversy" and "home state" mandatory abstention exceptions to CAFA diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(4)(A)-(B).  The only elements at issues are whether "greater than two-thirds" (28 U.S.C. § 1332(d)(4)(A)(i)(I)) or "two-thirds or more" (28 U.S.C. § 1332(d)(4)(B)) of the members of all of the proposed Insured's classes are citizens of Texas and the United States.

### 1.  Preponderance of the Evidence – Residence in Texas

United States census data is an appropriate and frequent subject of judicial notice.  *See United States v. Esquivel*, 88 F.3d 722, 726-27 (9th Cir.

1996); *see also Bennett v. Board of Commissioners for East Jefferson Levee District,* 2007 WL 2571942, *4-5 (E.D.La. 2007) (using United States Census Bureau data in CAFA analysis); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (concluding that the failure to take judicial notice was an abuse of discretion when the party opposing judicial notice did not dispute its accuracy and did not request a hearing on the appropriateness of judicial notice); *In re Sprint Nextel Corp.*, 593 F.3d 669, 675-76 (7th Cir. 2010) (surveys of a representative sample of the proposed class might be sufficient evidence). Here, the district court took judicial notice that the relocation rate of American citizens of all ages and races out of Texas was about 5.2% between 2007 and 2009 – the relevant time period. United States Census Bureau Statistics / Estimates 2006-08 (excerpt), Appendix 3. In addition, a smaller percentage of people move out of Texas than from any other state. *See* Pew Research Center Report, *American Mobility. Who Stays Put? Where's Home? Social & Demographic Trends* (December 17, 2008). Appendix 1, Appendix 2.

The Insurance Companies put forth further statistical support showing by a preponderance of the evidence — *i.e.*, that it is more likely than not — that greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of Texas and of the United States. For example, more than 99% of the automobiles that the County Mutuals insure are located in Texas. Also, only about 11% of Texas residents are not United States citizens. Although the Insurance Companies' statistics about Texas residents are not specific to the Insured, these statistics are nonetheless probative, particularly in the absence of any contrary showing by the Insured. *Cf. Caruso*, *supra*, 469 F. Supp. 2d at 368 ("Although there well may be proposed classes where detailed proof of the two-thirds citizenship requirement is required, the Court finds that common sense should prevail in this closed-end class involving people who, as noted, hold an asset that is a measure of domicile, their home."); *see also Coury*,

*supra*, 85 F.3d at 251(noting that factors for determining domicile include "places where the litigant . . . owns real and personal property").

Even more so, the anti-discrimination provision of the *Texas Insurance Code* is the statutory basis for this action.  Likewise, the Insured limit their proposed class to "persons who purchased an automobile insurance policy *in Texas.*"  Indeed, the principal injuries resulting from the alleged conduct or any related conduct of each of the Insurance Companies occurred in Texas.

Additionally, the County Mutuals are citizens of Texas and only issue policies in Texas.  The County Mutuals are the primary defendants, because all putative class members, by definition, have claims against the County Mutuals, and as the entities that issued the insurance policies, the County Mutuals have a primary role in the alleged discrimination.  A preponderance of the evidence (statistical and otherwise) thus shows that the Insured's proposed class were domiciled in Texas at the time the complaint was filed.

**2.  Preponderance of the Evidence – Intention to Remain in Texas**

The evidentiary standard for establishing citizenship and domicile at this preliminary stage must be practical and reasonable:

> The requisite showing under CAFA prompts this court to reconcile congressional intent, our precedent for determining citizenship, and judicial economy.  Thus, the evidentiary standard for establishing the domicile of more than one hundred plaintiffs must be based on practicality and reasonableness. *Preston II*, *supra*, 485 F.3d at 813.

Citizenship, for purposes of proving an exception to CAFA, must be analyzed as of the date the complaint or amended complaint was filed.  28 U.S.C. § 1332(d)(7); *Preston I,* 485 F.3d at 798; *Martin v. Lafon Nursing Facility,* 548 F.Supp.2d 268, 271 (E.D.La.2008).

In *Joseph v. Unitrin, Inc.* ("*Unitrin*"), 2008 WL 3822938, *1 (E.D.Tex.), the

No. 10-40820

district court addressed whether a claim against insurers for cancellation of insurance coverage for "dwellings, household goods, and wearing apparel" should be remanded to state court.  The class action plaintiffs in *Unitrin*, like the Insurance Companies here, argued that the "local controversy exception" to class action diversity jurisdiction, 28 U.S.C. § 1332(d)(4)(A), prevented the court from exercising jurisdiction because greater than two-thirds of the proposed class members were citizens of Texas.  *Unitrin*, *supra*, at 2.  The insurance companies in *Unitrin* responded that the insured had failed to offer sufficient proof that more than two-thirds of the proposed class members were Texas citizens.  *Id*.

In *Unitrin*, the court analyzed the evidence of citizenship and noted that the proposed class was made up of Texas residents who are policyholders whose policies were cancelled and there was no evidence of a "mass exodus of more than one-third" of the proposed class from Texas during the applicable time period.  *Id*.  The court also noted that one of the insurer defendants, like the County Mutuals here, was limited by Texas law to writing homeowners insurance only in Texas.  *Id*.  The court reasoned that "[b]ecause the putative class members are alleged to be Texas residents, logic dictates that their homes, and by extension, their domicile, remain in Texas."  *Id*.  The court further noted that because the policies cover both the residence and the household affects, "it can be assumed that the members of the putative class own both real and personal property in Texas."  *Id*.  Ultimately, the court held that "[i]n light of these factors and the discrete nature of the proposed class, [the class action plaintiffs] need not produce additional evidence in order to demonstrate that more than two-thirds of the potential plaintiffs are Texas citizens."  *Id*.

Like the class action plaintiffs in *Unitrin*, the Insurance Companies here produced evidence of (1) insurance of personal property (motor vehicles – likely garaged at the residence of the owner) located in Texas and (2) authority of county mutual insurers under Texas law to write auto insurance only for

12

No. 10-40820

vehicles located in Texas.  *See* Tex. Ins. Code § 912.151 ("A county insurance company that qualifies for *statewide operation* may write all lines of automobile insurance."  (Emphasis added.).)

Additionally, the courts have acknowledged that where a proposed class is discrete in nature, a common sense presumption should be utilized in determining whether citizenship requirements have been met.  *See Bennett,* 2007 WL 2571942, at *4; *Caruso,* 469 F.Supp.2d at 368.  For example, in *Caruso,* the plaintiffs sought to represent a class that included all Louisiana homeowners who had purchased homeowner's policies from one of six insurance companies named as defendants to the action.  *Id.* at 367.  Because owning a home is an indicium of a person's domicile, the court held that the plaintiff's own characterizations of the class, particularly plaintiffs' assertions that they represented a class of individuals covered by homeowner's policies for homes located in Louisiana, created a reliable presumption that the class was comprised of Louisiana citizens.  *Id.*; *Dunham v. Coffeyville Res., L.L.C.,* 2007 WL 3283774, at *3 (D.Kan. Nov.6, 2007) (finding that plaintiffs' characterization of class as "residents, domiciliaries, and property owners of Coffeyville, Kansas" demonstrated its local nature).

The Insured, more likely than not (or by a preponderance of the evidence), garaged their cars in Texas.  Registering a motor vehicle and insuring it in Texas is some evidence of an intent to remain in Texas – at least for a while.  Unlike owning a second home, a vehicle owner is more likely than not inclined to wait until actual relocation to register and insure a vehicle.  The Insured produced no evidence that any potential class member intended to establish a domicile outside of Texas.  Based on the statistical evidence produced by the Insurance Companies, the district court correctly concluded that two-thirds or more of the Insured's proposed class of insurance policy holders were citizens of Texas with both residency and the intention to remain in Texas, by a preponderance of the

13

No. 10-40820

evidence, at the time the Insured filed their complaint.

## IV. CONCLUSION

In summary, the underlying case presents questions of Texas state law regarding insurance policies issued for automobiles in the state of Texas by Texas County Mutuals to Texas citizens. The Insured's case does not appear to be national litigation, so the spirit and intent of CAFA are not fulfilled. This court concludes that the district court properly applied the "local controversy" and "home state" mandatory abstention provisions to CAFA diversity jurisdiction. For the foregoing reasons, the judgment of the district court is AFFIRMED.

14