NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JES SOLAR COMPANY LIMITED, a South Korean Corporation; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> TONG SOO CHUNG, <br><br> Defendant-Appellant. | No.   16-15504 <br><br> D.C. No. 4:12-cv-00626-DCB <br><br> MEMORANDUM[*] |
| JES SOLAR COMPANY LIMITED, a South Korean Corporation; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> TONG SOO CHUNG, <br><br> Defendant, <br><br> and <br><br> SUNGCHIN KIM, referenced in complaint as S. Chin Kim, <br><br> Defendant-Appellant. | No.   16-16091 <br><br> D.C. No. 4:12-cv-00626-DCB |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted September 11, 2017
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and SANDS,** District Judge.

Plaintiffs, a group of contractors, contracted with Defendant Corporations Matinee Energy, Inc. and Samsun, LLC to—they believed—construct a multi-billion-dollar solar power project. In reality, no project existed. They filed this action for breach of contract, unjust enrichment, conspiracy, fraudulent inducement, and conversion to recover the money they paid into the project.

Appellants are two officers of the Defendant corporations. After they failed to respond to summons served through publication (Defendant Sungchin Kim) and by leaving at a place of business (Defendant Tong Soo Chung), the clerk of the district court entered default against them. In a whirlwind of motion practice since, appellants have attempted to set aside the default on procedural grounds and to dismiss the action for failing to state a claim.

As an initial matter, we must decide whether we have subject matter jurisdiction over Chung. Diversity jurisdiction requires the parties to be from "different States." 28 U.S.C. § 1332(a)(1). If a party establishes domicile outside of

---

** The Honorable W. Louis Sands, United States District Judge for the Middle District of Georgia, sitting by designation.

the United States, he becomes a "stateless" citizen, destroying diversity jurisdiction under 28 U.S.C. § 1332. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). The analysis of domicile is "essentially factual," so we review under a clearly erroneous standard. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). The district court properly weighed the factors enumerated in *Lew v. Moss*, 797 F.2d at 750, and did not clearly err in finding Chung to be domiciled in Maryland. The district court rightfully found compelling that Chung had acquired an F-4 non-immigrant visa when he returned to South Korea rather than an F-5 visa for permanent residency. There was no error in finding not credible Chung's testimony that he intended to remain in Korea, gave no thought to the distinctions between an F-4 and F-5 visa, and could not recall either giving a sworn affidavit in 2002 that he intended to maintain his Maryland home as his primary residence or his political activities in the United States. The district court did not disregard uncontested testimony, as Chung asserts, but rather assessed credibility in weighing competing pieces of evidence, e.g., Chung's assertion that he intended to remain in Korea indefinitely versus his failure to apply for a permanent residence visa.

Chung contends that the district court conflated his ties to California and the United States generally with his ties to Maryland. But an individual retains his old domicile until he establishes a new one. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Highlighting Chung's ties to the United States

more generally demonstrates that Chung did not intend to remain in Korea.

Chung urges us to adopt a presumption, as other circuits have, that one's residence is his domicile. *See*, *e.g.*, *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 750 n.6 (4th Cir. 2016); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). We decline to do so as it would have no bearing on this case. The so-called "residence presumption" only allows residence to establish prima facie evidence of domicile, and prima facie evidence only establishes a fact absent contrary evidence. *Hollinger*, 654 F.3d at 571; *Evidence*, Black's Law Dictionary (10th ed. 2014). Here, the district court considered a wealth of evidence as to Chung's domicile. Any error in failing to adopt the residence presumption was harmless. *See* 28 U.S.C. § 2111.

After the entry of default against Chung, he filed a Federal Rule of Civil Procedure 55(c) motion in which he argued, in part, that "Plaintiff[s] should have served Mr. Chung directly in Korea." Plaintiffs responded that they were following California's service rules as incorporated by Federal Rule of Civil Procedure 4(e)(1). California permits service at a person's place of business if process "cannot with reasonable diligence be personally delivered to the person to be served." Cal. Civ. Proc. Code § 415.20(b). The district court erred when it denied Chung's motion without a finding that Plaintiffs made an attempt to personally

serve Chung in accordance with California law. *See* Cal. Civ. Proc. Code § 415.20(b) cmt. ("Personal delivery must be attempted in all cases where this alternative method of service is used."). Such a finding would not have been possible to make; Plaintiffs do not argue, and there is no evidence in the record, that they made any attempt to personally serve Chung.

The district court expanded its reasoning in an order on Chung's later reurged motion to set aside judgment. First, the district court found Chung waived his challenge to the sufficiency of service because he raised it in a Rule 55 motion and did not file a Rule 12(b)(5) motion. That finding was in error. A party need only raise the sufficiency of service in its first responsive filing with the court. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000). The title of the motion or the rule it is brought under "is of no significance." *Id.* By stating that he should have been served in Korea, Chung was raising a Rule 12(b)(5) objection.

Second, the district court found that the burden was on Chung to prove service did not occur and that the service requirements should be broadly construed given that Chung had received actual notice of the lawsuit. Even with a shifted burden, however, a plaintiff must still make a prima facie showing of service. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007). Likewise, we liberally construe service rules, but service must still be completed

"in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). Here, Plaintiff failed to make any attempt at personal service whatsoever.

On September 28, 2012, Plaintiffs filed a motion to serve Kim by publication. The motion stated that Plaintiffs "did not have any information regarding Defendant Kim's residence, but only information regarding Kim's place of business" with Matinee Energy, Inc. However, Matinee had not paid rent for over six months and was locked out of that location. The district court signed a proposed order attached to the motion which summarily granted it. Under Arizona Rule of Civil Procedure 4.2(f)(1), incorporated into this case by Federal Rule of Civil Procedure 4(e)(1), service by publication should have been permitted for Kim only if "the serving party, despite reasonably diligent efforts, has not been able to ascertain the person's current address" or if the person to be served "has intentionally avoided service of process." Neither requirement was met here.

First, the motion stated only that Plaintiffs were unaware of Kim's residence. But "[b]efore resorting to service by publication, a party must file an affidavit setting forth facts indicating it made a due diligent effort to locate an opposing party to effect personal service." *Sprang v. Petersen Lumber, Inc.*, 798 P.2d 395, 399 (Ariz. Ct. App. 1990). The mere assertion that a party's residence is unknown is insufficient. *Id.*

16-15504

Second, there is no evidence Kim was avoiding service. The district court clearly erred in concluding otherwise. *See Internet Sols.*, 509 F.3d at 1165 (clear error standard). The district court attributed Matinee's actions—leaving town with unpaid rent and wages and leaving no forwarding address—to Kim without any evidence in the record that Kim was responsible. Moreover, Arizona law generally assumes an individual will be served at his own residence, not place of employment. *See* Ariz. R. Civ. P. 4.1(d) (permitting service by personal delivery or leaving process "at that individual's dwelling"), 4.2(b) (incorporating 4.1(d) for out-of-state parties). Even if Kim did abandon his place of employment then, it has no conclusive bearing on his ability to be served. To be evidence of evasion, Kim would need to foresee that Plaintiffs would not know his residence, not conduct a diligent search to find his residence, and thus would seek to serve him personally while he was at work in Arizona. No evidence before the district court could have supported such a finding.

Again the district court relied on Kim's actual notice of the lawsuit in order to forgive any errors in service. But again service must be completed "in substantial compliance with Rule 4" even with actual notice. *Crowley*, 734 F.3d at 975. Plaintiffs wholly failed to comply with Arizona Rule of Civil Procedure 4.2(f). There is no evidence they made any effort to ascertain Kim's address nor any evidence Kim was evading service.

16-15504

Because the service on Chung and Kim was inadequate, the entries of default and default judgments must be set aside. The district court normally has discretion in determining whether to set aside an entry of default and default judgment based on the factors enumerated in *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The *Falk* factors are: (1) whether the plaintiffs will be prejudiced; (2) whether the defendants have a meritorious defense to the defaults; and (3) whether culpable conduct of the defendants led to the defaults. *Id.* Here, because the inadequate service provided Chung and Kim with a meritorious defense and established that they were not at fault for the defaults, the district court abused its discretion in failing to set aside the defaults. *See id.* at 463–64. Thus, the entry of default and default judgments entered against Kim and Chung must be vacated.

Kim argues that "[r]emand is not appropriate here" even if we vacate the entry of default and default judgments. He urges us to instead decide whether Plaintiffs' tort claims are barred under Arizona's economic loss rule and whether the complaint stated a claim upon which relief could be granted. We decline to do so.

Deciding now whether the complaint states a claim is likely to be a "pointless academic exercise." *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 906 (9th Cir. 1999). Based on the complaint filed, Kim and Chung may or may not again file motions to dismiss. Based on their arguments, the district court may or may not

8                                                                                      16-15504

grant the motions. Either of these contingencies could render our analysis of the pleadings meaningless, if not presumptuous. We decline to review the district court's now-nullified order on the possibility it could be harmful to a defendant in the future. *Cf. Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010) (noting that "ripeness" is in part a prudential doctrine which "separate[s] matters that are premature for review because the injury is speculative and may never occur" so as to prevent "courts from becoming entangled in 'abstract disagreements'" (citation omitted)).

Because remand is appropriate here, we remand to the district court to allow the litigation to proceed on the merits. The defects in service discussed above do not establish here that the district court lacks personal jurisdiction over the defendants, as the defendants now argue. In the district court, the defendants initially raised the deficiencies in services for the limited purpose of arguing that the entry of default should be set aside. They then filed over 40 motions without suggesting that they were making a special appearance. In light of this, the defendants acceded to the district court's assertion of personal jurisdiction over them and have waived any objections to personal jurisdiction. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Accordingly, the entry of default and default judgments are vacated. The case is remanded to the district court for further proceedings.

**REVERSED AND REMANDED.**