**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SECURITIES AND EXCHANGE
COMMISSION,
        *Plaintiff-Appellee,*

        v.

INTERNET SOLUTIONS FOR BUSINESS
INC.,
        *Defendant,*

        and

LAWRENCE SHAW,
        *Defendant-Appellant.*

No. 06-15204

D.C. No.
CV-01-00225-RLH

OPINION

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Argued and Submitted
November 8, 2007—San Francisco, California

Filed December 11, 2007

Before: Sidney R. Thomas, Richard C. Tallman, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Tallman

**COUNSEL**

David C. Amesbury (argued), Sandra L. Stewart, Amesbury & Schutt, Las Vegas, Nevada, for the appellant.

Brian G. Cartwright, Jacob B. Stillman, Susan S. McDonald (argued), Securities and Exchange Commission, Washington, D.C., for the appellee.

**OPINION**

TALLMAN, Circuit Judge:

The Securities and Exchange Commission (SEC or Commission) filed a civil enforcement action against Lawrence Shaw. The SEC asserts it served Shaw through a British pro-

cess server, who found and served Shaw with a copy of the SEC complaint at Shaw's foreign business address in England. Shaw failed to appear, and the district court entered final judgment against him. More than three and a half years after default judgment was entered, Shaw moved to set it aside. The district court denied the motion and Shaw appeals, arguing that the judgment is void for lack of personal jurisdiction because he was never served with process, or, if he was served with process, that it was insufficient because it did not comply with the Hague Convention. The district court ruled that Shaw did not meet his burden to prove that he was not properly served.

We join our sister circuits in holding that a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005); *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400-01 (7th Cir. 1986) (holding defendants had burden to prove court lacked jurisdiction due to insufficient service of process and pursuant to Illinois long-arm statute); *Jones v. Jones*, 217 F.2d 239, 242 (7th Cir. 1954). We also hold that a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955). Here, the burden was on Shaw to prove by strong and convincing evidence that he was not served with process. As the district court correctly found, he failed to meet that burden. Shaw also waived any argument that service of process was insufficient under the Hague Convention by failing to raise it before the district court. The district court had jurisdiction to enter default judgment against Shaw and properly refused to set it aside. We affirm.

I

Lawrence Shaw was the founder, president, chief executive officer, and largest shareholder of Internet Solutions for Business, Inc. (ISFB), a Nevada corporation with its headquarters in Coventry, England. The SEC alleged that from March 1999 to October 2000 ISFB and Shaw violated the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 (SEC Act) by falsely promoting ISFB stock to the public. Shaw became aware of the SEC's investigation in the spring of 2000 when he was served with an investigative subpoena. He also traveled to New York in June 2000 to testify before the Commission. In October 2000 the SEC's staff provided Shaw and Shaw's corporate attorney in the United States, Joseph Sierchio, with a Wells Notice, informing Shaw that the staff intended to recommend that the SEC authorize the filing of a civil action against ISFB and Shaw. Shaw made a Wells Submission in response, explaining why the Commission should not accept the staff's recommendation.[1]

On February 28, 2001, the SEC filed its complaint against ISFB and Shaw in the United States District Court for the District of Nevada.[2] Shaw knew that the complaint had been filed and that he was a named party. However, he neither authorized his corporate attorney nor designated an agent to accept service of process on his behalf in the United States.

---

[1]"A Wells Notice notifies the recipient that the SEC's Enforcement Division is close to recommending to the full Commission an action against the recipient and provides the recipient the opportunity to set forth his version of the law or facts." *Carlson v. Xerox Corp.*, 392 F. Supp. 2d 267, 279 (D. Conn. 2005). The recipient's response, by which it sets forth its version of the law or facts, typically providing documents in support thereof, is termed a "Wells Submission." *See SEC v. Sands*, 902 F. Supp. 1149, 1167 (C.D. Cal. 1995).

[2]ISFB was properly served with process through its registered agent in Nevada. It did not respond to the summons or complaint and default and final judgments were entered against it. ISFB has not moved to have the judgment against it vacated.

The SEC sought to serve Shaw in England and sent the summons and complaint to BMI, a British process service company it hired to serve Shaw. Keith Johns, BMI's process server, submitted an affidavit stating that he served Shaw personally at the ISFB headquarters at Internet House, Canal Basin, Coventry, on May 14, 2001. Shaw denies that he was ever served with process and claims that he was in a meeting in London at the time he ostensibly was served in Coventry.

Shaw never responded to the SEC's complaint and on June 27, 2001, the SEC filed motions for entry of default and default judgment against Shaw. Default was entered by the clerk on June 29, and the district court granted the motion for default judgment on July 6, 2001. On January 23, 2002, the court entered final judgment against Shaw permanently enjoining him from future violations of the SEC Act and ordering him to pay a civil penalty of $110,000.

On August 29, 2005, more than three and a half years after final judgment was entered, Shaw filed a motion to set aside the default judgment.[3] He claimed that the judgment should be vacated, denying that he had ever been served with process and maintaining that he was "taken by surprise when he learned of [the judgment] against him as he was never served with any documentation referencing [the] litigation," and that the SEC obtained the default judgment by fraudulently representing to the court that it had served him with process. The district court held that Shaw provided insufficient evidence to meet his burden to prove that he was not served, and thus found that the SEC properly served Shaw. It also ruled that there was insufficient evidence to support Shaw's claims of surprise or fraud.

---

[3]Shaw incorrectly sought relief under the Nevada Rules of Civil Procedure. The district court noted that the Federal Rules of Civil Procedure applied in the case and found that Shaw was not entitled to relief under either the Federal or Nevada Rules.

Applying the standards applicable to motions to vacate for surprise and fraud, *see Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988), the district court found that Shaw failed to present evidence that he had a viable defense against the SEC's claims and that the SEC would be highly prejudiced if default judgment were set aside. The district court therefore denied Shaw's motion to vacate. Shaw filed this timely appeal.

II

**[1]** A district court may set aside a default judgment "in accordance with" Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c).[4] Rule 60(b) provides, in part, "the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void . . . ." A final judgment is void, and therefore must be set aside under Federal Rule of Civil Procedure 60(b)(4), "only if the court that considered it lacked jurisdiction . . . over the parties to be bound." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

While a motion to vacate for lack of jurisdiction may be made at any time, a motion to vacate on two of the three grounds Shaw raised below, surprise and fraud, must be made within one year of the entry of default judgment. Fed. R. Civ. P. 60(b). Shaw moved to vacate three and a half years after default judgment was entered so the district court could not have granted his motion on those grounds. *See id.* Because the

---

[4]On December 1, 2007 "comprehensive style amendments" to the Federal Rules of Civil Procedure took effect. *See* Administrative Office of the United States Courts, Federal Rulemaking, What's New, *at http://www.uscourts.gov/rules/index2.html#congressaction.* Citations to the Federal Rules of Civil Procedure in this opinion refer to the Rules in effect when Shaw filed his motion to vacate the default judgment and do not reflect the recent changes.

only basis upon which the district court could have properly granted the motion was that the judgment was void for lack of service of process, the district court was without its normal discretion to grant or deny the motion and, therefore, consideration of the merits of the defense, prejudice, or culpability was not proper. *See Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980). Although the district court did weigh such considerations in its order, we may affirm the district court on any ground supported by the record even if the district court "relied upon a wrong ground or gave a wrong reason." *See id.* (quotations and citations omitted).

A

We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). However, the "district court's factual findings regarding jurisdiction are reviewed for clear error." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

B

The SEC argues, and the district court held, that Shaw, as the party moving to have the default judgment set aside, has the burden to establish that he was not served with process. Shaw asserts that the SEC, as the plaintiff, bears the burden of proving that service of process was effected.

[2] Although Shaw is correct that the plaintiff generally has the burden to establish jurisdiction, *see Forsythe v. Overmyer*, 576 F.2d 779, 781 (9th Cir. 1978), we believe the better rule in this context is that a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default

judgment, bears the burden of proving that service did not occur. This rule has been adopted by the Second and Seventh Circuits and a number of district courts. *See Burda Media, Inc.*, 417 F.3d at 299; *Jones,* 217 F.2d at 242 ("The burden was upon the defendant to show that the judgment was void for lack of service . . . ."); *Moss v. Indus. Leasing Corp.*, No. CV-93-136-CI, 2005 WL 3050277, at *2 (E.D. Wash. Nov. 15, 2005); *see also Bally Export Corp.*, 804 F.2d at 401; *Theresa L. Kruk, Annotation, Who Has Burden of Proof in Proceeding Under Rule 60(b)(4) of Federal Rules of Civil Procedure To Have Default Judgment Set Aside on Ground that it Is Void for Lack of Jurisdiction,* 102 A.L.R. Fed. 811 (1991).

This rule is consistent with other cases which have held that the defendant moving to have a default judgment set aside under Rule 60(b) has the burden of proving that he is entitled to relief. *See Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (citing *Atchison, Topeka, & Santa Fe Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957)). The rule also comports with general principles of fairness. A defendant who has notice of an action against him may force the plaintiff to prove that service has been made and that jurisdiction is proper by filing a Rule 12(b) motion to dismiss. *See Rohm & Haas Co. v. Aries*, 103 F.R.D. 541, 544 (S.D.N.Y. 1984). The defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the plaintiff's action, should have to bear the consequences of such delay.

**[3]** Having clarified that the defendant moving to vacate default judgment for improper service of process bears the burden to prove that he is entitled to relief, we turn to whether that burden has been met here. Shaw's burden is a substantial one. "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.' " *O'Brien*, 998 F.2d at 1398 (quot-

ing *Hicklin*, 226 F.2d at 414).[5] It is clear from the record that Shaw cannot prove that he was not served with process as he claims.

Shaw admits that he knew that suit had been filed against him.[6] The SEC made a prima facie showing that service of process was valid by providing Keith Johns' affidavit in which he swears that he personally served Shaw with the summons and complaint at the ISFB offices in Coventry on May 14, 2001. The SEC also filed a supplemental declaration in which Johns swore that Shaw verified his identity before Johns handed him the papers. The district court noted that Johns "appears to have a long and reputable history as a process server and investigator," and found "nothing to challenge or contradict his sworn testimony." We agree that Shaw has not presented the "strong and convincing proof" required to rebut Johns' declarations. *See id.*

Shaw's primary contention is that at the time he was allegedly served in Coventry he was at a meeting in London, a two-hour drive away. Initially, Shaw claimed that he attended a meeting on May 14, 2001, "in the third floor boardroom of the offices of Skypharma [sic] plc." With his declaration he included a printout of his electronic calendar, which showed a meeting with "Graham [Perske] — his office" at 11:00 a.m. on May 14.

---

[5]Because the SEC has provided prima facie evidence that Shaw was served with process, we need not decide what the defendant's burden of proof would be in the absence of such evidence.

[6]Shaw does claim that he did not have notice that default judgment had been entered against him. Whether or not Shaw had notice *of the default judgment* is irrelevant. Under the rule we have adopted, we look at whether the defaulting defendant had notice that *suit had been filed*. To the extent that the district court erred in finding that Shaw knew of the judgment because of English newspaper reports, such error is not significant to the disposition of this matter because Shaw concedes that he had actual notice of the suit.

After the SEC provided a letter from SkyePharma that said that there was no record of any SkyePharma employees meeting with Shaw and that there was no booking for the main meeting rooms, including the third floor boardroom, on May 14, 2001, Shaw provided a second declaration stating that he never claimed that he met with a SkyePharma employee and that Mr. Perske was a sub-tenant in SkyePharma's building. His supporting evidence showed that Mr. Perske was subletting office space on the *fourth floor* of the SkyePharma building.

Although Shaw is correct that he did not claim to have met with a SkyePharma employee in his initial declaration, he did state that his meeting was in the third floor boardroom. However, it is clear from other evidence in the record that Mr. Perske occupied offices on the fourth floor, not the third, and there was no booking for the third floor conference room at all on May 14. Shaw does not explain these discrepancies.

Aside from Shaw's calendar entry and contradicting declarations, the only evidence that the meeting occurred are unsworn emails from Kate Heal, a co-worker of Mr. Perske's, stating a "strong belief that such a meeting did take place on [May 14, 2001] and is likely to have been of substantial duration given the nature of virtually all other meetings," and "it is our belief that a meeting did take place on the morning of the 14th May 2001, however I have no precise documentary evidence of that other than we have identified an email written between third parties and copied to Graham soon after the meeting referring to the fact that it did take place." These emails are rank hearsay and are not evidence sufficient to rebut the process server's sworn statement that he served Shaw with process on May 14, 2001, in Coventry.

**[4]** Each time Shaw's story was challenged he came up with new and often contradictory evidence to support his version of the facts. In the face of the process server's sworn affidavits, and given the district court's credibility findings in

favor of the process server and against Shaw, we find that Shaw did not meet his burden to prove by strong and convincing evidence that he was not served with process. *See Burda Media, Inc.*, 417 F.3d at 302-03 (finding that the district court properly determined that a defaulting defendant received service of process where the only evidence that he did not was his own affidavit denying receipt of the summons). We therefore affirm the district court's denial of Shaw's motion to set aside the default judgment.

## C

**[5]** Shaw's second argument is that even if he was served with process, service was insufficient because it "did not comply with the Hague convention, the laws of England, or the federal rules of civil procedure relating to foreign service of process." Shaw did not make this argument in his motion to vacate default judgment or in his reply to the SEC's opposition to his motion in the district court.

**[6]** We will not consider arguments raised for the first time on appeal absent exceptional circumstances. *Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004). Shaw merely presents his alternate argument on appeal, without acknowledging that, or explaining why, he is raising it for the first time, although the issue was clearly brought to his attention in the SEC's answering brief. The issue is therefore waived and we will not consider it.

## III

The SEC made a prima facie showing of valid service by providing the process server's sworn statements that he personally served Shaw. Shaw failed to rebut this evidence by strong and convincing proof and thus has not met his burden to establish that he was not served with process in England and that the district court lacked jurisdiction to enter judgment against him. He cannot argue for the first time on appeal that

service of process did not comply with the Hague Convention. The district court correctly denied Shaw's motion to vacate the default judgment.

AFFIRMED.