
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILLION (FAR EAST) LTD., a foreign company, | No. 11-55766 |
| Plaintiff, | D.C. No. 2:09-cv-07168-R-AGR |
| v. | |
| LINCOLN PROVISIONS INC. USA, a corporation, | MEMORANDUM[*] |
| Third-party-plaintiff - Appellee, | |
| v. | |
| PHILIP WOLFSTEIN, | |
| Third-party-defendant - Appellant, | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 3, 2014
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TROTT and CALLAHAN, Circuit Judges, and BENNETT, District Judge.[**]

Third-party Appellant-Defendant Philip Wolfstein ("Wolfstein") appeals the district court's order denying as untimely his Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") motion for relief from default judgment. Because the parties are familiar with the facts and procedural history of the case, we repeat only those facts necessary to resolve the issues raised on appeal. To the extent that Wolfstein's motion is not untimely, it fails on the merits, and we affirm.

1.    Rule 60(b)(1), (3), and (6)

Wolfstein first argues that the district court erred in denying his Rule 60(b) motion as untimely. Motions to set aside the judgment under Rule 60(b)(1), (3), and (6) must be brought within a reasonable time. Fed. R. Civ. P. 60(c)(1); *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge*, 587 F.3d at 1196. Even accounting for Wolfstein's pro se status, the district court did not abuse its discretion in finding that the motion was untimely with respect to its

[**]    The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

2

requests for relief under Rule 60(b)(1), (3), and (6), because: (a) Wolfstein filed the motion almost eight months after the default judgment was entered, long after the time for an appeal had passed; (b) Wolfstein offered no explanation to the district court for his delay in filing the motion; and (c) he already knew the grounds for his motion several months prior to filing the motion, having already presented a similar motion to set aside the entry of default under Federal Rule of Civil Procedure 55(c) ("Rule 55(c)").

Even if Wolfstein's requests for relief under Rule 60(b)(1), (3), and (6) were timely, they fail on the merits. Denials of motions brought under Rule 60(b)(1), (3), and (6) are reviewed for abuse of discretion. *Lemoge*, 587 F.3d at 1191–92. To show excusable neglect under Rule 60(b)(1), a court considers: (a) whether the defendant has a meritorious defense; (b) whether the defendant engaged in culpable conduct that led to the default; and (c) whether reopening the default judgment would prejudice the plaintiff. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The district court did not abuse its discretion in implicitly finding that Wolfstein lied about having received notice of the lawsuit and therefore acted in bad faith, barring Rule 55(c) relief. This finding also supports the denial of Rule 60(b)(1) relief due to Wolfstein's culpable conduct.

Wolfstein's request for relief under Rule 60(b)(3) fails on its merits because he has not shown by clear and convincing evidence that Lincoln committed fraud, misrepresentation, or misconduct in obtaining the default judgment. *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878–79 (9th Cir. 1990). Finally, Wolfstein has not shown the extraordinary circumstances required to set aside a judgment under Rule 60(b)(6). *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049–50 (9th Cir. 1993).

2.    Rule 60(b)(4)

Motions to set aside a judgment as void under Rule 60(b)(4) may be brought at any time. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Accordingly, the district court erred in denying the motion as untimely with respect to its request to set aside the judgment under Rule 60(b)(4). Nonetheless, we may affirm the denial of relief on any ground supported by the record. *SEC v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). A district court's factual findings regarding jurisdiction are reviewed for clear error. *Id.* Further, "a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur." *Id.* The district court did not clearly

err in finding that Wolfstein had actual notice of the suit from Lincoln's emails, and that Wolfstein had not met his burden of showing that Lincoln's service by publication was improper. Accordingly, we affirm the denial of Rule 60(b)(4) relief.

**AFFIRMED**.