**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-56226 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-09788-RGK-MRW |
| v. | |
| 4268 LOS ANGELES AVENUE SIMI VALLEY CALIFORNIA 93063, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| BIRDMAN DISTRIBUTION CORP.; DIDIER DE NIER, | |
| Movants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 9, 2016[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  RAWLINSON and BEA, Circuit Judges and EATON, Judge.

Movants-Appellants Birdman Distribution Corporation (Birdman) and Didier De Nier (De Nier) on behalf of 4268 Los Angeles Avenue (Defendant Property), appeal a district court order denying a motion to vacate a default judgment.  Appellants contend that the district court's default judgment should be vacated due to insufficient service of process.

"A district court may set aside a default judgment in accordance with Federal Rule of Civil Procedure 60(b)." *Sec. & Exch. Comm'n v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1164 (9th Cir. 2007) (citation, footnote reference, and internal quotation marks omitted).  A default judgment must be set aside if the court lacked jurisdiction over the defendants due to insufficient service of process. *See id.* at 1165.  In civil forfeiture actions against real property, the government is required to:  (A) file a complaint for forfeiture; (B) post a notice of the complaint on the property; and (C) serve notice on the real property owner.  *See* 18 U.S.C. § 985(c)(1).  When a defendant is a corporation, service is proper when copies of the notice and complaint are delivered to "any. . . agent authorized by appointment or by law to receive service of process . . ."  Fed. R. Civ. P. 4(h).  "[A] defendant

---

***     The Honorable Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur. . . ." *Internet Solutions*, 509 F.3d at 1165.

We agree with the district court that the government properly served the complaint for forfeiture. According to filings with the California Secretary of State, Russell Takasugi was Birdman's designated agent for service of process. The government personally served the summons and complaint for the forfeiture action on Takasugi. This is *prima facie* proof that service of process was effected upon Birdman. *See id.* at 1166. The record also supports the conclusion that De Nier had actual knowledge of the forfeiture action due to the government's repeated attempts to serve De Nier. Indeed, at a bail hearing in the underlying criminal action, De Nier admitted that "he was served with a lot of paperwork regarding civil cases" but tried to explain that "he did not necessarily understand the difference between a civil claim and a criminal claim." Thus, De Nier's subsequent declaration asserting that he had no notice of the forfeiture action, *see id.* at 63, does not constitute "strong and convincing evidence" sufficient to overcome the "prima facie evidence of valid service," *Internet Solutions*, 509 F.3d at 1166.

Appellants' remaining argument that good cause existed to set aside the default judgment on the merits under Rule 60(6) is unavailing. A defendant may only show good cause to set aside a judgment under Fed. R. Civ. P. 60(b) by filing a motion within one year of entry of the judgment. *See Internet Solutions*, 509 F.3d at 1165. Here, Appellants filed their motion to vacate the default judgment on May 5, 2014, over one year after entry of the judgment.

**AFFIRMED.**