**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Petitioner-Appellee, <br><br> v. <br><br> GARY G. GAGE; CARRIE GAGE, <br><br> Respondents-Appellants. | No. 17-35026 <br><br> D.C. No. 2:16-cv-00261-SAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Gary G. Gage and Carrie Gage appeal pro se from the district court's

judgment in favor of the United States in its petition for approval of a levy by the

Internal Revenue Service ("IRS") on the Gages' principal residence to secure

payment for tax liabilities.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo the district court's interpretation of statutory provisions, *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985), and for an abuse of discretion the district court's decision regarding the sufficiency of service of process, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). We affirm in part, reverse in part, and remand.

The district court did not abuse its discretion by denying the Gages' motion to dismiss for lack of jurisdiction and their request to stay the levy action because the Gages failed to establish invalid service of process. *See SEC v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007) ("[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.").

The district court determined that the Gages failed to raise an appropriate objection to the United States' prima facie showing in support of its petition. However, the Gages presented evidence that Carrie Gage received a notice from the Social Security Administration informing her that the IRS "will no longer take money out of your monthly payment because you no longer owe [the] IRS any money." Thus, the Gages raised "a genuine issue of material fact demonstrating that the underlying tax liability has been satisfied." 26 C.F.R. § 301.6334-1(d)(2). We reverse the district court's judgment under 26 U.S.C. § 6334(e)(1) and remand for the district court to hold a hearing pursuant to 26 C.F.R. § 301.6334-1(d)(2) as

2

to whether Carrie Gage's tax liability has been satisfied.

We reject as without merit the Gages' arguments regarding standing.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**