**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEIKO EPSON CORPORATION; EPSON AMERICA, INC., | No.  18-15124 |
| Plaintiffs-Appellees, | DC No. 3:16 cv-0524 RCJ |
| v. | MEMORANDUM[*] |
| ARTEM KOSHKALDA; ART, LLC, | |
| Defendants-Appellants. | |

| | |
|---|---|
| SEIKO EPSON CORPORATION; EPSON AMERICA, INC., | No.  18-15245 |
| Plaintiffs-Appellees, | DC No. 3:16 cv-0524 RCJ |
| v. | |
| ANDRIY KRAVCHUK; IGOR BIELOV; KBF, LLC; VLADIMIR SLOBODIANIUK, AKA Volodymyr Slobodianiuk, AKA Vladimir Westbrook; KRISTINA ANTONOVA, AKA Krystyna Antanova, AKA Kristy Antonova, AKA Krystyna Antonova, AKA Krystyna Taryanik; VITALII MALIUK; ROMAN TARYANIK, | |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellants.

Appeals from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted November 13, 2019
San Francisco, California

Before:      THOMAS, Chief Judge, and TASHIMA and WARDLAW, Circuit
Judges.

Appellants appeal the default judgment entered against them on Seiko Epson
Corporation's ("Epson") claims of trademark counterfeiting, trademark
infringement, and related claims following the entry of default against each
appellant.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not abuse its discretion by imposing case
terminating sanctions against appellants Artem Koshkalda, ART LLC, Vitalii
Maliuk, Andriy Kravchuk and Igor Bielov.  *See Conn. Gen. Life Ins. Co. v. New
Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  Koshkalda and ART
LLC failed to produce discovery, failed to appear in court and violated various
court orders.  Maliuk failed to provide useful information as a Fed. R. Civ. P.
30(b)(6) deponent and failed to appear in court.  Kravchuk failed to produce
discovery, failed to appear in court, failed to appear for two separate depositions

2

and failed to pay sanctions awarded against him. Bielov failed to produce discovery, failed to appear in court and failed to appear for a deposition. The magistrate judge commented that she had "never encountered th[is] level of obstructionism and failure to respond to the most basic discovery requests" in her 18 years as a judge. The appellants were warned repeatedly of the possibility of case terminating sanctions, yet continued to disregard discovery obligations and court orders. Although the appellants other than Maliuk point out that they were not subject to the June 19, 2017, sanctions order that preceded the entry of case terminating sanctions, this is irrelevant, because the case terminating sanctions were entered as a result of the appellants' overall conduct over several months.

2.      The district court did not abuse its discretion by imposing earlier sanctions on Maliuk and Kravchuk. *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. A corporate officer can be sanctioned under Fed. R. Civ. P. 37(b) when he is responsible for a corporate defendant's failure to produce discovery responses. *See David v. Hooker, Ltd.*, 560 F.2d 412, 415, 420-21 (9th Cir. 1977).

3.      The default judgments entered against appellants Vladimir Slobodianiuk, Kristina Antonova and Roman Taryanik are not void for lack of personal jurisdiction due to insufficient service of process. *See SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) (reviewing de novo).

3

Because "a signed return of service constitutes prima facie evidence of valid service," the burden is on the appellants to show "by strong and convincing evidence" that service was not valid. *Id.* at 1166. Here, the appellants have presented no evidence, let alone strong and convincing evidence, that the places where service occurred were not their "dwelling[s] or usual place[s] of abode." Fed. R. Civ. P. 4(e)(2)(B). In the cases of Antonova and Taryanik, the mere fact that the complaint alleges a residence in Santa Clara and they were served in San Jose does not constitute strong and convincing evidence of invalid service.

4.      Appellant KBF, LLC, does not dispute Epson's contention that it had actual notice of the proceedings, through service of its registered agent, Slobodianiuk. Accordingly, we decline to exercise our discretion to reach this issue raised for the first time on appeal. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985).

5.      The district court did not err by concluding that the appellants' trademark violations were willful. The operative second amended complaint alleged willful infringement and these allegations were deemed true by virtue of the appellants' defaults. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008).

4

**6.** The appellants are correct in arguing that the averments of the complaint regarding the amount of damages were not deemed true by virtue of the appellants' defaults. *See* Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Contrary to the appellants' assertion, however, the district court did not rely on the averments of the complaint. In the district court, Epson presented undisputed expert evidence showing that the defendants' unauthorized sales of Epson printer cartridges generated revenue of at least $14.4 million. In light of this evidence, the district court's award of $12 million in statutory damages was within the court's discretion. *See* 15 U.S.C. § 1117(c)(2); *cf. Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (Copyright Act) ("If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." (alteration adopted and internal quotation marks omitted)).

**7.** Finally, the district court did not abuse its discretion by awarding statutory damages for the use of counterfeit marks for printer ink as a class 2 good. Although gray market goods generally are not considered counterfeit, the appellants here did much more than purchase genuine Epson cartridges abroad and resell them in the domestic U.S. market. They also repackaged, reprogrammed,

5

and relabeled the cartridges, changed "Best Before" dates, and degraded the quality of the cartridges and ink before selling the cartridges to unsuspecting customers. *See* 2 Anne Gilson LaLaonde, *Gilson on Trademarks* § 5.19[3][c][ii], at 5-229 (Matthew Bender 2019) ("If a gray market product is repackaged in a way that will deceive consumers, that product is also counterfeit.").

**AFFIRMED.**