NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD PATTON, | No.   17-56861 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>3:14-cv-01489-AJB-WVG |
| FIRST LIGHT PROPERTY<br>MANAGEMENT, INC., a California<br>Corporation; JALEH HANASSAB, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 5, 2020**
Pasadena, California

Before:  EBEL,*** WARDLAW, and OWENS, Circuit Judges.

Donald Patton appeals the district court's denial of his motion for relief from

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

the judgment stemming from a jury trial on Patton's Fair Housing Act, Civil Rights Act, Fair Employment and Housing Act, and Unruh Act claims. Patton argues that the district court abused its discretion by: (1) failing to admit a juror affidavit; (2) determining that substantial admissible evidence supported the jury's finding; and (3) determining that opposing counsel's misconduct did not prevent Patton from fairly presenting his case. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's ruling under Federal Rule of Civil Procedure 60(b) for abuse of discretion. *Lemoge v. United States*, 587 F.3d 1188, 1191-92 (9th Cir. 2009). As the parties are familiar with the facts, we do not recount them here. We affirm.

1.      Patton argues that the district court abused its discretion in deeming the Durana Affidavit inadmissible. Upon inquiry into the validity of a verdict, a reviewing court may not consider "juror testimony regarding the jury's internal processes." *United States v. Leung*, 796 F.3d 1032, 1035 (9th Cir. 2015) (internal quotation marks omitted); *see* Fed. R. Evid. 606(b)(1). However, Federal Rule of Evidence 606(b)(2)(A) creates an exception for testimony demonstrating that "extraneous prejudicial information was improperly brought to the jury's attention." Fed. R. Evid. 606(b)(2)(A). Typically, evidence of extraneous prejudicial information "derives from a source 'external' to the jury." *Warger v. Shauers*, 574 U.S. 40, 51 (2014) (quoting *Tanner v. United States*, 483 U.S. 107,

117 (1987)). We review a district court's ruling on Rule 606(b) grounds for abuse of discretion. *See United States v. Montes*, 628 F.3d 1183, 1188-89 (9th Cir. 2011).

Here, the district court did not abuse its discretion in finding the Durana Affidavit inadmissible because it was not evidence that the jury was presented with extraneous prejudicial information distinct from "the general knowledge, opinions, feeling, and bias that every juror carries into the jury room." *Hard v. Burlington N. R.R. Co.*, 870 F.2d 1454, 1461 (9th Cir. 1989); *see Warger*, 574 U.S. at 51-52. Moreover, the district court did not abuse its discretion in determining that the Durana Affidavit did not demonstrate the level of racial prejudice necessary to warrant admission notwithstanding Rule 606(b). *See Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 867-70 (2017).

2.      Patton argues that the evidence was insufficient to support the jury's verdict. Assuming without deciding that the district court was correct to conclude that a sufficiency-of-the-evidence challenge could be brought under Rule 60, we agree with the district court's evaluation of the evidence. Rule 60(b)(1) allows a district court to grant relief from final judgment due to a "mistake." Fed. R. Civ. P. 60(b)(1); *see Lemoge*, 587 F.3d at 1192. Here, the district court did not abuse its discretion by finding numerous complaints admissible on state-of-mind grounds, despite Patton's hearsay objections, and there was no improper character evidence

introduced at trial. *See* Fed. R. Evid. 404(b); *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991). Moreover, Patton's interpretation of the evidence and credibility of the witnesses cannot supplant the determinations made by the jury. *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001).

3.      Patton also challenges the district court's determination that Defendants' misconduct did not prevent Patton from fairly presenting his case. Rule 60(b)(3) allows relief from final judgment due to "misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To prevail on such a motion, the moving party must demonstrate, by clear and convincing evidence, that "the verdict was obtained through . . . misconduct," and that misconduct "prevented the losing party from fully and fairly presenting" its case. *De Saracho v. Custom Food Mach., Inc*., 206 F.3d 874, 880 (9th Cir. 2000). We will not overrule a district court's finding as to the impact of counsel's alleged misconduct absent "a definite and firm conviction that the court committed a clear error of judgment." *Hemmings v. Tidyman's Inc*., 285 F.3d 1174, 1192 (9th Cir. 2002). Here, as determined by the district court, at no point has Patton demonstrated that opposing counsel's conduct "prevented [him] from fully and fairly presenting" his case. *See De Saracho*, 206 F.3d at 880.

4.      Finally, Patton argues that he is entitled to Rule 60(b)(6) relief on the grounds that the district court erred in entering judgment. Rule 60(b)(6) allows a

4

district court to "relieve a party . . . from a final judgment" for any "reason that justifies relief."  "[A]bsent exceptional circumstances," we will not address arguments raised for the first time on appeal.  *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1167 (9th Cir. 2007).  Here, Patton failed to object in the district court on the grounds he raises on appeal.  Further, because Patton raised his argument pertaining to attorney's fees for the first time on appeal, that argument has been forfeited.

**AFFIRMED**.