

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA Bank of New York, Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-35CB, Mortgage Pass-Through Certificates, Series 2005-35CB, | No. 19-15955 D.C. No. 2:17-cv-01056-GMN-CWH |
| Plaintiff-Appellee, | |
| v. | MEMORANDUM[*] |
| 7937 SONG THRUSH TRUST, | |
| Defendant-Appellant, | |
| and | |
| ANDRE BEROUD; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted July 14, 2020
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: IKUTA and HURWITZ, Circuit Judges, and TAGLE,[**] District Judge.

7937 Song Thrush Trust ("Song Thrush") appeals the district court's denial of its motion for relief from judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291.

Even if the district court erred in holding that Song Thrush had the burden of proving that service was improper, *see SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007), any error was harmless. The Bank of New York Mellon (fka The Bank of New York) provided evidence establishing, under the totality of the circumstances, that it substantially complied with Rule 4 of the Federal Rules of Civil Procedure. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Counsel for Song Thrush conceded that the owner of BTK Properties LLC is also the trustee for Song Thrush, and the office manager for BTK's registered agent agreed to accept service of process on behalf of Song Thrush. Therefore, service was "made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service," which is sufficient for purposes of Rule 4. *Id.* (citation omitted). Because there is "an arguable basis for

---

[**] The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

2

jurisdiction," *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (quotation omitted), the district court did not err in denying Song Thrush's Rule 60(b)(4) motion.

**AFFIRMED.**