NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA The Bank of New York, as Trustee for the Registered Holders of the CWABS, Inc., Asset-Backed Certificates,Series 2005-13,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MARIA LOYO-MORALES,<br><br>Defendant-Appellant,<br><br>and<br><br>NORTHGATE HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.; KIMBERLY TIBONI,<br><br>Defendants. | No.   21-16041<br><br>D.C. No.<br>2:16-cv-02400-MMD-VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted April 13, 2022
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BADE and LEE, Circuit Judges, and CARDONE,[**] District Judge.

Plaintiff-Appellee Bank of New York Mellon ("the Bank") owns the deed of trust to a property located at 5513 Oakwood Ridge Street, Las Vegas, Nevada 89130 ("the Property").[1] The Property's prior owner fell into arrears on her homeowners' association ("HOA") fees, leading to an HOA foreclosure. *See* Nev. Rev. Stat. § 116.3116. Defendant-Appellant Maria Loyo-Morales purchased the Property at the foreclosure sale. Loyo-Morales then rented the Property to an unrelated tenant.

In October 2016, the Bank filed a complaint seeking to quiet title to the Property. On October 20, 2016, the Bank attempted to serve Loyo-Morales by leaving the summons and complaint at the Property with Loyo-Morales's tenant. Loyo-Morales never appeared, and the district court eventually entered a default judgment against her, finding that the HOA foreclosure sale was void.

The Bank subsequently attempted to foreclose on the Property. But, shortly before the scheduled foreclosure sale, Loyo-Morales appeared in the district court to file a motion to set aside the default judgment and a motion for a temporary

---

[**] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

[1] For ease of reference, we refer to the beneficial owner of the deed of trust as the Bank, even when different entities held the deed of trust at relevant times.

2

restraining order and preliminary injunction. After briefing, the district court denied Loyo-Morales's motions, in part because, in the district court's view, Loyo-Morales was properly served under Federal Rule of Civil Procedure 4(e)(2)(B) when the complaint and summons were left at the Property with Loyo-Morales's tenant. We have jurisdiction under 28 U.S.C. § 1291,[2] and we reverse in part and dismiss in part.

1.     Loyo-Morales moved to set aside the default judgment under Rule 60(b)(4), which provides that a final judgment may be set aside if "the judgment is void." Fed. R. Civ. P. 60(b)(4).

A final judgment is void, and therefore must be set aside under Rule 60(b)(4), if the court that considered the judgment lacked jurisdiction over the parties. *SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007); *see also Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."). When a default judgment is void for lack of service of process, the district court is "without its normal discretion" and must

---

[2] In its answering brief, the Bank urges us to address the district court's denial of its motion to expunge a lis pendens recorded on the Property. Because the Bank did not file a separate notice of appeal or cross appeal challenging this order, we lack jurisdiction to reach it. *See* Fed. R. App. P. 3(c); *Manrique v. United States*, 137 S. Ct. 1266, 1271 (2017); *Smith v. Barry*, 502 U.S. 244, 247–48 (1992).

set aside the judgment. *Internet Sols.*, 509 F.3d at 1165. We review the denial of Loyo-Morales's Rule 60(b)(4) motion de novo. *Id.*

When a defendant challenges service, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). This burden may shift to the defendant if she "had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment." *Internet Sols.*, 509 F.3d at 1165. Likewise, an affidavit of service attesting to personal service on the defendant constitutes a prima facie showing that service was proper. *Id.* at 1166.

There is no evidence in the record that Loyo-Morales had actual notice of the proceedings until long after the entry of default judgment. Moreover, there is no prima facie evidence of personal service, because the affidavit of service offered by the Bank attests not that Loyo-Morales was personally served, but only that the summons and complaint were left with her tenant. *Cf. id.* at 1166. Accordingly, the Bank had the burden to show service was proper. *See id.* at 1165; *Brockmeyer*, 383 F.3d at 801.

Rule 4(e)(2)(B) provides that an individual may be served by "leaving a copy of [the summons and of the complaint] at the individual's *dwelling* or *usual place of abode* with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B) (emphases added). There is no dispute that Loyo-

4

Morales's tenant was a person of suitable age and discretion, and thus the district court did not err in concluding that this part of the test was satisfied. The district court erred, however, when it determined that the Property was Loyo-Morales's "dwelling" or "usual place of abode" under Rule 4(e)(2)(B).

Although a "person can have more than one dwelling house or usual place of abode for purposes of" Rule 4, a dwelling or usual place of abode must be a place where that person lives or resides. *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997) (citation omitted) (concluding that evidence supported that service was proper because "there was convincing evidence that Hwang lived at the residence where service was effected"); *see also Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (as amended) (holding that "service at a defendant's place of employment is insufficient" to effect personal service). All the evidence in the record indicates that Loyo-Morales did not live at the Property in 2016, although she later moved there in 2020 or 2021. The Property was therefore not her dwelling or usual place of abode, and Rule 4(e)(2)(B) was not satisfied by leaving the complaint and summons there with her tenant. The default judgment accordingly must be set aside. The entry of default and default judgment are vacated.

2.      Loyo-Morales also appeals the district court's denial of her motion for injunctive relief. Because the default judgment is set aside as void, we dismiss

5

Loyo-Morales's appeal of the denial of injunctive relief as moot.

Costs shall be taxed against the Bank.

**REVERSED IN PART AND DISMISSED IN PART.**