**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE GRAHAM, | No. 22-55134 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-07417-MCS-AGR |
| v. | |
| CABLE NEWS NETWORK, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted December 8, 2022**

Before:    WALLACE, TALLMAN, and BYBEE, Circuit Judges.

Jesse Graham appeals pro se from the district court's judgment dismissing

his copyright action. We have jurisdiction under 28 U.S.C. § 1291. We review for

an abuse of discretion a dismissal for failure to prosecute or comply with a court

order. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

---

         *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

         **      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by dismissing Graham's action because Graham failed to respond to an order to show cause as to why the action should not be dismissed for Graham's falsification of the summons, and Graham failed to effect proper service of process on defendant, despite receiving repeated notice of the deficiencies in his proofs of service. *See id*. at 642-43 & n. 4 (listing factors to consider before dismissing for failure to comply with a court order; a district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by granting defendant's motion to set aside the entry of default and denying Graham's motion for default judgment because the record supports the district court's conclusion that service of process was insufficient. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."); *see also SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) (district court's factual findings regarding jurisdiction are reviewed for clear error); *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (discussing district court's "especially broad" discretion to set aside an entry of default and discussing relevant factors); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (setting

forth standard of review for denial of default judgment).

Graham's motion regarding the answering brief (Docket Entry No. 13) is denied.

**AFFIRMED.**