
UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VELANTA MONIQUE BABBITT, in her individual capacity and as parent and guardian of B. D., a minor, | No.   18-56576 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-06528-DMG-FFM Central District of California, Los Angeles |
| v. | |
| DIGNITY HEALTH, a California corporation, | ORDER |
| Defendant-Appellee, | |
| v. | |
| SEBHAT AFEWORK, M.D., | |
| Defendant-Appellant, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Movant-Appellee. | |

Before:  KLEINFELD, NGUYEN, and BADE, Circuit Judges.

The memorandum disposition filed August 10, 2020, is withdrawn and

replaced with the disposition filed concurrently with this order.



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VELANTA MONIQUE BABBITT, in her individual capacity and as parent and guardian of B. D., a minor, | No. 18-56576 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-06528-DMG-FFM |
| v. | |
| DIGNITY HEALTH, a California corporation, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| v. | |
| SEBHAT AFEWORK, M.D., | |
| Defendant-Appellant, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Movant-Appellee. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted March 6, 2020
Submission Withdrawn September 2, 2021
Resubmitted January 31, 2023
Pasadena, California

Before: KLEINFELD, NGUYEN, and BADE, Circuit Judges.**

We decided this case previously, holding that we lacked jurisdiction to review the district court order remanding it to state court. *See K.C. v. Khalifa*, 816 F. App'x. 111 (9th Cir. 2020). We held the mandate and withdrew the case from submission pending the Supreme Court's decision in *BP P.L.C. v. Mayor and City Counsel of Baltimore*, 141 S. Ct. 1532 (2021), and its ruling on Afework's petition for certiorari, *Afework v. Babbitt*, 141 S. Ct. 2754 (2021). After the Court decided *BP*, and denied Afework's petition for certiorari, we ordered supplemental briefing. Now, with the benefit of the *BP* decision and the parties' supplemental briefing, we decide the case again. Our conclusion is that the outcome is not changed.

---

** The original panel, consisting of Judge Kleinfeld, Judge Nguyen, and Judge Pauley, heard oral argument on March 6, 2020. Judge Pauley died on July 6, after our earlier decision, but before we withdrew the case from submission, and Judge Bade was drawn to replace him. She has read the briefs, reviewed the record, and watched the oral argument.

This case was filed in state court and removed to federal court. The district court ordered it remanded to state court.[1] Ordinarily, remands are unreviewable under 28 U.S.C. § 1447(d), but there is a statutory exception to that limitation if the case was removed under 28 U.S.C. § 1442 (federal officer removal). Afework removed the case under that section and also 42 U.S.C. § 233 (public health service officers, and employees and persons deemed to be public health service employees under 42 U.S.C. § 233(g)(1)). In *BP*, the Court held that if a case is removed under § 1442, and later remanded, we have jurisdiction to review the entire remand order, not just the portion of the order addressing § 1442. 141 S. Ct. at 1538. And, it explained, rather than construing the § 1447 exception to nonreviewability narrowly, as some courts had held, the statute should be given a "fair reading." *Id.* at 1538 (internal quotations omitted).

The district court held that the § 1442 removal was late. A notice of removal must, under 28 U.S.C. § 1446, be filed within 30 days of receipt by the defendant of service or receipt of a copy of the complaint. 28 U.S.C. § 1446(b). The date of service or receipt was contested. Afework declared that he was never served, and

_____

[1] Previously, there were other defendants from a consolidated case on this appeal, including Dr. Khalifa, but a state court dismissed the claims against Khalifa with prejudice and the other claims in the consolidated case were settled, so only Dr. Afework's attempt at removal remains on this appeal. *K.C. v. Khalifa*, 857 F. App'x. 958, 958-59 (9th Cir. 2021).

learned of the case from a letter to him by co-defendant Dignity Health on July 27, 2018. The plaintiff, Babbitt, provided a proof of service stating that Afework was served March 26, 2018. That was more than 30 days before the July 27 removal. The district court found that service was in fact accomplished March 26, and we cannot conclude that this finding is clearly erroneous. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("[T]he district court's factual findings regarding jurisdiction are reviewed for clear error.") (quotation marks and citation omitted)). Accordingly, the removal, insofar as it was based on § 1442, was too late, as the district court concluded.

As for the § 233 removal, the statute provides that the Attorney General must appear in the state court where the action was filed within 15 days of being notified of the filing and advise the court whether the individual or entity has been deemed to be a public health service employee. § 233(l)(1). If the Attorney General fails to appear, the entity or individual may remove the action. § 233(l)(2). Afework removed the case eleven days after giving notice of it to the Attorney General. The district court accordingly remanded the § 233 removal on the basis that it was too early, denying the Attorney General his 15 days to appear and advise. It was, so we affirm on this ground as well. Afework presents good arguments for why the timing provisions of § 233 so applied undermine the

4

purpose of the statute, and that the Attorney General did not comply with his obligations under § 233, but we are compelled by the language of the statute to conclude that when he removed the case, the statutory condition precedent "if the Attorney General fails to appear within the time period prescribed" was not met. § 233(l)(2).

**AFFIRMED.**