# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2020

Lyle W. Cayce
Clerk

_____

No. 19-40299

_____

PERRY BONIN; ACE CHANDLER; MICHAEL MANUEL; ROBERT ACREMAN; JACQUELINE ACREMAN, et al

      Plaintiffs - Appellants

v.

SABINE RIVER AUTHORITY OF LOUISIANA; ENTERGY TEXAS, INCORPORATED; ENTERGY LOUISIANA, L.L.C.; CLECO POWER, L.L.C.,

      Defendants - Appellees

_____

LARRY ADDISON; JOYCE ADDISON; RICKY ALEXANDER; WILLIAM BALL; ERNEST BEVELHYMER, et al

      Plaintiffs - Appellants

v.

SABINE RIVER AUTHORITY OF LOUISIANA; ENTERGY TEXAS, INCORPORATED; ENTERGY LOUISIANA, L.L.C.; CLECO POWER, L.L.C.,

      Defendants - Appellees

_____

Appeal from the United States District Court
for the Eastern District of Texas

_____

Before JOLLY, JONES, and ENGELHARDT, Circuit Judges.

No. 19-40299

E. GRADY JOLLY, Circuit Judge:

These consolidated cases arise from a 2016 incident of flooding around the Toledo Bend Reservoir and the Sabine River, which constitutes a boundary between Texas and Louisiana. Plaintiffs, owners of property near the river, sued in Texas state court the state authorities and power companies who operate the reservoir, alleging that defendants caused the flooding and damaged their properties. The defendants removed the case to federal court, which remanded back to state court. After much procedural maneuvering, the cases were eventually removed a second time to the federal district court in Texas, which, on this occasion, denied a motion to remand. The district court later entered a final judgment granting the motion to dismiss all claims against the power companies and remanding the remaining claims against the state authorities to Texas state court. The plaintiffs now appeal that order. They argue that the federal court's order dismissing their claims should be vacated because the claims belong in state court. They also argue that the dismissal of the claims against the power companies was wrong on the merits.

We hold that the district court did not err in denying the motion to remand. We further hold that because plaintiffs do not brief, or otherwise challenge, two independent reasons given by the district court for dismissal of their claims against the power companies, we affirm the district court's judgment dismissing all claims against the power companies. Finally, plaintiffs do not challenge the district court's declination of supplemental jurisdiction over the remaining claims against the state authorities. We thus affirm the remand of those claims as well. Consequently, the district court's judgment is AFFIRMED in full.

I.

"The Sabine River meanders between Texas and Louisiana. Two state agencies jointly regulate the Sabine River's waterways: the Sabine River

2

No. 19-40299

Authority of Louisiana and the Sabine River Authority of Texas." *Simmons v. Sabine River Authority La.*, 732 F.3d 469, 471 (5th Cir. 2013). Since 1963, the Federal Energy Regulatory Commission ("FERC") has licensed these two authorities to operate and maintain a "dam[,] . . . a large reservoir, a spillway, and a hydroelectric plant" on the river. *Id.* at 472. This project is known as the Toledo Bend Reservoir and Toledo Bend Dam.

In March 2016, heavy rains led to heavy water inflow into the reservoir and flooding of the Sabine River. A group of around 300 property owners in Texas and Louisiana who live near the river (the "Bonin plaintiffs" or "plaintiffs") brought suit against Sabine River Authority, Louisiana ("SRA-L") and Sabine River Authority of Texas ("SRA-T") in Texas state court. The parties dispute the specifics of how and why the flooding occurred. The plaintiffs alleged that their properties were damaged by the flooding, and generally alleged that the flooding was caused or exacerbated by the reservoir's water level becoming too high and the spillway gates at the reservoir being intentionally opened by the river authorities. These plaintiffs, in their original suit, brought only takings claims against SRA-T and SRA-L under the Texas and Louisiana Constitutions.

The case was removed to federal court but then remanded to state court on the grounds that the takings claims did not raise a question of federal law. Back in Texas state court, the plaintiffs amended their complaint to expand their claims. They included claims against the power companies Entergy Texas, Entergy Louisiana, and Cleco Power ("the Entergy defendants" or "Entergy") based on an agreement the companies had with the two Sabine River Authorities "to oversee the generation of power and to purchase the generated power" at the Toledo Bend Dam. *Simmons*, 732 F.3d at 472. The plaintiffs alleged that the Entergy defendants allowed one of two hydroelectric generators at the dam to remain inoperational for six months. They alleged

3

that this contributed to raising the reservoir water levels and made the flood damage worse.  The plaintiffs further asserted claims for negligence, trespass, and private nuisance against the Entergy defendants.

SRA-T removed the case a second time to the Eastern District of Texas, asserting that with the addition of the claims against the Entergy defendants, the plaintiffs had created federal-question jurisdiction.  The Entergy defendants filed a joint consent to removal and argued that, additionally, there was federal jurisdiction because the suit qualified as a "mass action" under the Class Action Fairness Act.  SRA-L did not file a consent to removal.

The plaintiffs moved to remand again. They argued that the necessary unanimous consent of the defendants to removal was lacking because SRA-L did not consent.  They also argued that there was no federal subject-matter jurisdiction because the new claims against Entergy were entirely state-law claims.  In response to SRA-T's alternative argument that the suit qualified as a mass action, plaintiffs argued that an exception to mass action jurisdiction applied because all of the claims in the suit arose from an event that occurred in the state of filing, namely Texas.

A federal magistrate judge, to whom pre-trial management had been referred, recommended that remand be denied.  The magistrate judge found that SRA-L's consent to removal was unnecessary because it was not a properly served defendant.  The magistrate judge also found that federal-question jurisdiction existed because the claims against Entergy implicitly and necessarily alleged violations of federal standards set by FERC.  The magistrate judge made no reference to defendants' mass action basis for federal jurisdiction.

The plaintiffs did not file an objection to the magistrate judge's report and recommendation, and it was adopted by the district court. The district court then granted plaintiffs leave to amend their complaint once again, and

No. 19-40299

the plaintiffs added language explicitly claiming that Entergy had violated the requirements of the FERC license.

Meanwhile, another lawsuit alleging virtually identical claims was filed in Texas state court by another group of property-owning plaintiffs (the "Addison plaintiffs"). That case was removed to federal court, and the Addison plaintiffs did not move for remand. Once in federal court, the Addison and Bonin cases were consolidated. The district court ordered that the Addison plaintiffs would be "added to, and included under," the Bonin plaintiffs' complaint and that subsequent rulings would apply to both. The district court then ordered the plaintiffs in the now-consolidated cases to file a more definite statement alleging how specifically the Entergy defendants had violated FERC standards, which they did.

After the plaintiffs filed their more definite statement, the Entergy defendants filed a Rule 12(b)(6) motion to dismiss the claims against them. The motion was referred to the magistrate judge, who recommended that the negligence claim against Entergy be dismissed based on three independently sufficient reasons and that the nuisance and trespass claims also be dismissed. The district court adopted the report and recommendation over the plaintiffs' objections, finding each of the three independently sufficient reasons noted by the magistrate judge to be correct regarding the negligence claim and also finding the magistrate judge correct with regard to the nuisance and trespass claims. The district court therefore dismissed all of the claims against the Entergy defendants. Because "the only remaining claims in the suit involve[d] the state constitutional takings claims against" SRA-T and SRA-L, the court remanded the consolidated cases to Texas state court from whence they had come.

5

No. 19-40299

Plaintiffs timely appealed the order granting Entergy's motion to dismiss and remanding the remaining claims.[1]  First, plaintiffs argue that the order should be vacated because the earlier motion to remand should have been granted.  Second, they challenge the dismissal of the negligence claim on the merits.

SRA-T and SRA-L are not parties to this appeal.

## II.

We first will consider the denial of remand.  The parties dispute whether we should review the denial of remand for plain error or de novo.  Because our conclusion would be the same under either standard of review, we will review the denial de novo.

The plaintiffs argue that the denial of remand was erroneous for two reasons: that there was no federal subject-matter jurisdiction at the time of removal, and that the lack of SRA-L's consent to removal made removal improper.  We will address these two arguments respectively.

## A.

The federal removal statute requires, among other things, that a removed case must be a civil action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  A motion to remand is evaluated "on the basis of claims in the state court complaint as it exists at the time of removal."  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264

---

[1] An order declining to exercise supplemental jurisdiction and remanding a case to state court is appealable.  *See Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 636 (2009); *Camsoft Data Systems, Inc. v. S. Electronics Supply, Inc.*, 756 F.3d 327, 332 (5th Cir. 2014).  Although the district court did not set out its judgment in a separate document as required by Fed. R. Civ. P. 58(a), "[a] failure to set forth a judgment or order on a separate document when required by [Rule] 58(a) does not affect the validity of an appeal from that judgment or order."  *Moreno v. LG Electronics, USA Inc.*, 800 F.3d 692, 696 (5th Cir. 2015) (quoting Fed. R. App. P. 4(a)(7)(B)).

No. 19-40299

(5th Cir. 1995).  Thus, the denial of remand was proper only if federal subject-matter jurisdiction existed over the Bonin case at the time of its removal.

We hold that federal jurisdiction obtained at the time of removal because the Bonin suit qualified at that point in time, and subsequently, as a "mass action" under the federal Class Action Fairness Act (CAFA).[2]

It is undisputed that CAFA provides for federal jurisdiction over a "mass action."  28 U.S.C. § 1332(d)(11)(A).  It is our task to determine whether the plaintiffs' lawsuit qualifies as a mass action.  "[T]he term 'mass action' means any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact[.]"  *Id.* at § 1332(d)(11)(B)(i).  Besides meeting this definition, however, federal jurisdiction over a mass action additionally requires that the suit satisfy three other prerequisites.  First, there must be "minimal diversity" such that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  *Id.* at §§ 1332(d)(2)(A), (d)(11)(A).  Second, the aggregate amount in controversy must exceed $5 million.  *Id.* at §§ 1332(d)(2), (d)(6), (d)(11)(A).  And third, "at least one plaintiff's claim [must] satisf[y] the $75,000 individual amount in controversy" requirement.  *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 239 (5th Cir. 2015) (citing 28 U.S.C. §§ 1332(a), (d)(11)(B)(i)).

The plaintiffs do not dispute that the Bonin suit met all these prerequisites at the time of removal.  They argue, however, that the case did

---

[2] The district court found federal subject-matter jurisdiction present on the grounds that the operative complaint implicitly alleged a violation of federal standards set by FERC. We may, however, affirm the judgment of the district court for any reason supported by the record.  *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009).  Because we find that the suit qualified as a mass action, we pretermit the question whether the operative complaint at the time of removal also raised a federal question.

not qualify as a mass action because it falls under one of CAFA's exceptions to "mass action" jurisdiction. The exception provides that "the term 'mass action' shall not include any civil action in which . . . all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State."  28 U.S.C. § 1332(d)(11)(B)(ii)(I).

Plaintiffs assert that the suit meets this exception because: (1) all of the claims arise from the flooding of the Sabine River in March 2016; (2) that flooding qualifies as an "event or occurrence" as we have previous defined it;[3] (3) that flooding occurred in Texas, the state where the action was filed; and (4) all of the plaintiffs' injuries occurred in either Texas or Louisiana, which is contiguous to Texas.

We find that plaintiffs' argument fails on the third of these four points. Plaintiffs concede that the March 2016 Sabine River flooding event occurred in both Texas *and* Louisiana.[4]  But plaintiffs argue that the flooding in Louisiana does not "negate the fact that the rainfall and flooding took place in Texas." By way of linguistic analogy, plaintiffs demonstrate their logic saying that it would be accurate to describe the current COVID-19 pandemic as occurring "in Louisiana," notwithstanding the fact that it is also occurring in the other 49 states.

Well, not quite.  The statutory language, when read in context of the exception as a whole, makes this interpretation patently untenable.  We remind that the exception requires: "*all of the claims* in the action arise from

---

[3] We have held that an "event or occurrence" may be "constituted by a pattern of conduct in which the pattern is consistent in leading to a single focused event that culminates in the basis of the asserted liability."  *Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 412 (5th Cir. 2014).

[4] The border between the two states runs down the middle of the river.  *See Texas v. Louisiana,* 426 U.S. 465, 465–66 (1976).

No. 19-40299

an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State." 28 U.S.C. § 1332(d)(11)(B)(ii)(I) (emphasis added).  Even if we say that the March 2016 flooding occurred "in Texas," we still could not possibly conclude that *all of the claims* in the suit arose from the flooding event "in Texas."  The plaintiffs concede that many of the plaintiffs in this suit own flooded property in Louisiana, and their claims arise from the flooding that occurred on the Louisiana side of the Sabine River, not in Texas.  An event that occurs on both sides of the border between two states, which leads to claims in both states, is not local to either of those states and, consequently, does not meet the terms of the exception.

To conclude: the exception for a local single event does not apply to the 2016 flooding event.  The Bonin suit, thus enjoying no exception from the statute, qualified as a mass action.  It follows that the suit had a federal home at the time it first entered the door.[5]

B.

The plaintiffs further argue, however, that remand should have been granted because SRA-L declined to consent to removal.  In general, removal requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  CAFA, however, provides an exception to this general rule.  Under CAFA, mass

---

[5] We need not address whether the Addison case was properly removed.  Unlike the Bonin plaintiffs, the Addison plaintiffs never moved to remand their case.  Where a party "objects to removal only after losing at the district court level, that party has waived all objections to removal jurisdiction."  *Camsoft*, 756 F.3d at 333 (citation omitted) (emphasis removed).  After the Addison case was removed, it was consolidated with the Bonin case, including its complaint and the more definite statement explicitly alleging a FERC violation.  Thus, federal-question jurisdiction existed at the time of judgment in the Addison case, and the order dismissing the claims against Entergy and remanding the remaining claims to Texas state court applied to both the Bonin and Addison plaintiffs.

No. 19-40299

actions "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b); *see also Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546–47 (5th Cir. 2006) ("CAFA eliminated the requirement of unanimity of consent to removal."). Since the Bonin suit qualified as a mass action, SRA-L's consent to removal was not required.[6] Accordingly, the district court correctly denied the plaintiffs' motion for remand based on the lack of consent by SRA-L.

## III.

Finally, we turn our attention to the motion to dismiss—that is, whether the district court erred in dismissing the claims against the power companies. We review the grant of a motion to dismiss de novo. *Walch v. Adjutant Gen. Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008).

First, the negligence claims, which are the crux of this appeal. The magistrate judge's report and recommendation, which the district court adopted over plaintiffs' objections, found that the plaintiffs failed to state a claim for negligence against the Entergy defendants upon which relief can be granted for three independently sufficient reasons. First, the magistrate judge found that the plaintiffs "did not adequately allege any violations of the FERC license" by Entergy, because the FERC license does not impose minimum energy generation requirements upon Entergy for either of the generators. Second, the magistrate judge found that under Texas state law, only state authorities may be found liable for damage caused by floodwaters, not private entities like Entergy and Cleco; in short, a state rule granting immunity to private entities would bar liability *even if* Entergy violated the FERC license. Third and finally, the magistrate judge found that the plaintiffs failed to show

---

[6] The district court found that SRA-L's consent was not required because SRA-L was not properly served. Once again, we pretermit the question whether SRA-L was properly served because we can affirm on the grounds that the suit qualified as a mass action.

that Entergy's operation of the generators was a proximate cause of plaintiffs' losses.  It follows, of course, that even if causation of the flood waters had been proved against Entergy, the unchallenged findings of the *absence of liability* would have rendered causation a cipher, providing no relief to the plaintiffs.

Yet, in their briefing to this court, plaintiffs have challenged only this third of three independent grounds for dismissal of their negligence claim.  Or, even more to the point, plaintiffs have suggested no reason to even question the validity of the other two independent grounds upon which the district court based its dismissal.  Since the plaintiffs have thus waived any argument with respect to the Entergy defendants' liability, we affirm the dismissal of the plaintiffs' negligence claim against the Entergy defendants.  *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000); *In re McCann*, 268 F. App'x 359, 364 (5th Cir. 2008).

The district court also dismissed the plaintiffs' trespass and nuisance claims against Entergy.  Plaintiffs have not challenged these dismissals in their briefing to this court, and so these dismissals are affirmed as well.

Finally, plaintiffs have not challenged the district court's conclusion that, with the dismissal of all claims against the Entergy defendants, supplemental jurisdiction over the remaining claims against the state authorities should be declined.  We therefore affirm the remand of the remaining claims against the state authorities to Texas state court.

IV.

In this opinion, we have found that the district court did not err in finding that federal subject-matter jurisdiction existed over the Bonin suit at the time of its removal; nor did it err in holding that SRA-L's consent was not necessary for its removal.  We therefore affirm the denial of remand.

We have also found that the plaintiffs have failed to brief two of the independent reasons stated by the district court for the dismissal of their

negligence claims against the Entergy defendants, and we therefore affirm that dismissal. We also affirm the dismissal of plaintiffs' nuisance and trespass claims against Entergy because plaintiffs have failed to brief those claims. Finally, we affirm the remand of the remaining claims against the state authorities to Texas state court, which ended the proceedings in federal court.[7]

In sum, the judgment of the district court is, in all respects,

AFFIRMED.

---

[7] As noted *supra* note 5, the dismissal of all claims against the Entergy defendants and remand of all remaining claims against the state authorities applies to both the Bonin and Addison cases, which were consolidated and combined into a single complaint prior to the district court's final order.