# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2022

Lyle W. Cayce
Clerk

No. 22-30103

ROBERT MARK TURNER, *Individually and on behalf of others similarly situated*,

*Plaintiff—Appellee*,

*versus*

GOAUTO INSURANCE COMPANY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-557

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:

When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal. *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020). Here, Robert Turner's operative complaint limited his class action to "citizens of Louisiana." Because GoAuto Insurance Company, the defendant, is also a citizen of Louisiana, we find that the suit lacks the minimal diversity necessary to vest a federal court with jurisdiction. Thus,

No. 22-30103

we affirm the district court's order remanding the case to Louisiana state court.

## I.

On January 28, 2019, Turner filed a petition for damages in the 19th Judicial District Court in East Baton Rouge Parish. Turner totaled his car in an accident and alleged that GoAuto, his car insurance carrier, paid less in policy benefits than his policy and Louisiana law required. After significant pretrial litigation, Turner amended his complaint and transformed his suit into a class action. Several months after that amendment, Turner filed a motion to certify his class action in Louisiana. Eventually, Turner filed an additional memorandum that stipulated that there were more than 3,000 class members and that each member would recover at minimum $5,000. Twenty-three days later, GoAuto filed a notice of removal to federal court under the Class Action Fairness Act. *See* 28 U.S.C. § 1453(c); 28 U.S.C. § 1332(d)(2)(A).

Two days before GoAuto filed its notice of removal, Turner had received permission from the Louisiana court to amend his complaint again and, as accepted on appeal, filed the amended complaint. This amendment, *inter alia*, changed the definition of the class from class "residents of Louisiana" to class "citizens of Louisiana."

After removal, the parties filed several competing motions disputing which complaint controlled and the sufficiency of GoAuto's notice of removal. Eventually, the district court granted Turner's motion to remand the case, holding that GoAuto could not demonstrate the minimal diversity necessary for subject-matter jurisdiction. GoAuto now appeals.

## II.

We review a district court's order to remand a suit removed pursuant to the Class Action Fairness Act (the Act) *de novo*. *Madison v. ADT, L.L.C.*, 11 F.4th 325, 327 (5th Cir. 2021) (citing *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 239 (5th Cir. 2015)).  Unlike normal diversity jurisdiction where every defendant must be diverse from every plaintiff, *see* 28 U.S.C. § 1332(a), the Act only requires minimal diversity for jurisdiction over class actions, 28 U.S.C. § 1332(d)(2).  This is achieved when "at least one class member is a citizen of a State different from the defendant." *Madison*, 11 F.4th at 327 (internal quotation marks omitted) (quoting *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019)); *see* 28 U.S.C. § 1332(d)(2)(A).

GoAuto asserts that it has demonstrated minimal diversity and that both the magistrate judge and the district court that presided over this case essentially ignored the facts showing diversity.  GoAuto provides an extensive argument that Turner's amended complaint is not or should not be the operative complaint.  This contention amounts to an argument that the Louisiana court contravened Louisiana law in several ways by allowing Turner to amend his complaint to redefine the class.  But GoAuto's argument is defeated by the fact that before it filed its notice of removal, the Louisiana court accepted Turner's amended complaint.

A basic precept of our federal system is that federal courts do not exercise authority over the proceedings of a sovereign state's judiciary as it relates to that state's laws. *See Calder v. Bull*, 3 U.S. (3 Dall.) 386, 387 (1798) (Chase, J.) ("The establishing courts of justice, the appointment of Judges, and the making regulations for the administration of justice, within each State, according to its laws . . . [are] the peculiar and exclusive province, and duty of the State[.]"); *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1286 (5th Cir. 1992) ("Principles of comity and federalism, in addition to

Article III's jurisdictional bar, mandate that we intervene in the management of state courts only in the extraordinary case."); *Coastal Petroleum Co. v. Sec'y of the Army of the U.S.*, 489 F.2d 777, 778 (5th Cir. 1973) ("[W]e are bound too by the chords of Federalism to give proper deference to the laws of several States and the final power and duty of the judicial officers of those states to interpret those laws."). However, GoAuto asserts that the Supreme Court effectively blessed removal of a case like this one in *Standard Fire Insurance Co. v. Knowles*, 568 U.S. 588, 593–96 (2013), when the Court directed district courts to look beyond the language of a state court complaint to determine if an amount in controversy requirement was met.

But *Knowles* does not stand for the proposition that GoAuto advances, namely that federal courts should separately evaluate the procedural rulings of a state trial court prior to removal. In *Knowles*, the Court held that district courts must look beyond nonbinding stipulations as to damages in complaints in order to "'aggregat[e]' the 'claims of the individual class members[,]'" as directed by federal law. 568 U.S. at 595 (quoting 28 U.S.C. § 1332(d)(6)). The Court's holding was that a stipulation that did not legally bind other class members could not be determinative of the amount in controversy of a class action; it said nothing regarding the refusal to abide by the state law procedural rulings made by a state court. Thus, we decline GoAuto's entreaty to disregard the Louisiana state court's pre-removal procedural rulings applying Louisiana law and substitute our own *Erie* guesses at how a Louisiana court ought to rule on a motion to amend a pleading.

That settled, "[a] motion to remand is evaluated 'on the basis of claims in the state court complaint as it exists at the time of removal.'" *Bonin*, 961 F.3d at 385 (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Turner's operative complaint defined the class as

> all citizens of Louisiana insured by GoAuto for the total loss of a vehicle and who were paid by GoAuto for their total loss based upon a valuation that was reduced by a 'condition adjustment' deducted from the stated values of a comparison vehicle used to calculation the value of the totaled vehicle.

As the language of the complaint limits the class to "citizens of Louisiana," by definition, no plaintiff can be a citizen of a different state. It is uncontested that GoAuto is a citizen of Louisiana, such that every class member is from the same state as the defendant and there is no minimal diversity. *See Madison*, 11 F.4th at 327.

GoAuto attempts two additional arguments to defeat remand. First, it argues that it is plausible that some class members are not citizens of Louisiana. GoAuto presents evidence of three individuals who at one point lived in Louisiana, were insured by GoAuto, had a total-loss claim adjusted by GoAuto, and are now domiciled in either Colorado, Texas, or Florida. GoAuto's argument though is wrecked by the text of the complaint. None of these individuals, assuming they had relocated to Colorado, Texas, or Florida before the filing of the complaint, qualify as citizens of Louisiana, and thus members of the defined class in Turner's complaint. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

GoAuto's second argument is that the law of this circuit bars such a class definition, or in the alternative, that the Act cannot be read to allow such a class definition. The cases that GoAuto presents for its first point only establish that when determining a party's citizenship, a party cannot rest on conclusionary allegations. *E.g.*, *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007). They do not stand for the legal proposition that GoAuto asserts. As to its second point, ultimately, we find the conclusion reached by our sister circuits, that nothing in the text of the Act bars such a class definition, more persuasive. *See Life of the S. Ins.*

*Co. v. Carzell*, 851 F.3d 1341, 1347–48 (11th Cir. 2017); *Johnson v. Advance Am.*, 549 F.3d 932, 937–38 (4th Cir. 2008).  In fact, GoAuto points to nothing in the text of the statute that would bar Turner's class definition.

## III.

We AFFIRM the judgment of the district court.  The case is REMANDED to the district court with instructions to remand it to the 19th Judicial District Court in East Baton Rouge Parish, Louisiana.

AFFIRMED; REMANDED WITH INSTRUCTIONS.