# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50313
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2023

Lyle W. Cayce
Clerk

Jason Dusterhoft,

Plaintiff—Appellant,

*versus*

City of Austin; Brian Manley, *individually and in his official capacity*; Troy Gay, *individually and in his official capacity*; Justin Newsom, *individually and in his official capacity*,

Defendants—Appellees.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-1081

———————————————————————

Before King, Haynes, and Graves, *Circuit Judges.*

Per Curiam:*

Plaintiff-Appellant Jason Dusterhoft challenges the district court's dismissal of his § 1983 claims for First Amendment retaliation and conspiracy. For the following reasons, we AFFIRM.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50313

## I.   Background

Dusterhoft is a former Assistant Chief of the Austin Police Department (the "Department").[1]  On July 14, 2017, Chief of Police Brian Manley and Assistant City Manager Rey Arellano held a meeting with Dusterhoft to inform him that he was being demoted because of "[t]wo non policy issues."[2]  Dusterhoft responded by raising several concerns he had with the Department, including "what he believed were numerous criminal and serious policy violations being committed by Austin police officers and Chief Manley himself."  Manley and Arellano then asked Dusterhoft to leave the room so they could speak privately.  When Dusterhoft returned, Manley and Arellano told him that he would not be demoted.  However, three days later, Manley informed Dusterhoft that he had changed his mind and would demote him to Commander as of July 30, 2017.

Nearly a year after his demotion, Dusterhoft's ex-girlfriend accused him of domestic violence.  Manley investigated the allegations alongside former Assistant Chief Justin Newsom and Chief of Staff Troy Gay.  Manley ultimately terminated Dusterhoft's employment in December 2018. Dusterhoft appealed his termination through arbitration but was unsuccessful.

On October 28, 2020, Dusterhoft initiated this suit against the City of Austin, Manley, Gay, and Newsom (collectively "Defendants"), alleging they conspired to retaliate and retaliated against him for exercising his First Amendment right to free speech.  Dusterhoft claims that Defendants

---

[1] Because we are reviewing a judgment that Dusterhoft's pleadings were insufficient, this section is a summary of the complaint's version of the relevant events. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[2] The complaint does not specify these issues.

demoted and terminated him based on false accusations because of the issues he raised in the July 2017 meeting. Defendants subsequently moved to dismiss both claims pursuant to Federal Rule of Civil Procedure 12(c). The district court granted the motion, finding that Dusterhoft's speech was not constitutionally protected.[3] Dusterhoft timely appealed.

## II.     Standard of Review

We review a district court's dismissal under Rule 12(c) de novo. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). In reviewing these motions, we apply the same standard as that of Rule 12(b)(6). *Doe*, 528 F.3d at 418. We accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the nonmovant. *Id.* However, we will not "accept as true conclusory allegations or unwarranted deductions of fact." *Great Plains*, 313 F.3d at 313 (quotation omitted). "[A] plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Doe*, 528 F.3d at 418 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.     Discussion

To state a claim for First Amendment retaliation, a public employee must plead sufficient facts to show, inter alia, that "he spoke as a citizen on

---

[3] Over Dusterhoft's objection, the district court adopted the magistrate judge's report and recommendation as its own order. In addition to determining that Dusterhoft failed to state a constitutional violation, the district court concluded that the two-year statute of limitations barred any claim based on the July 2017 demotion. Dusterhoft does not challenge this holding on appeal. Accordingly, it is affirmed.

a matter of public concern." *Anderson v. Valdez*, 913 F.3d 472, 476 (5th Cir. 2019) (quotation omitted). This requirement "subtly sets out two predicates for public-employee speech to receive First Amendment protection; the speech must be made *as a citizen* and on *a matter of public concern*." *Gibson v. Kilpatrick*, 773 F.3d 661, 667 (5th Cir. 2014) (emphasis in original). The district court found that Dusterhoft spoke as an employee at the July 2017 meeting and that his speech was not on a matter of public concern. On appeal, Dusterhoft does not adequately brief whether his speech was on a matter of public concern. The entirety of his brief appears to be devoted to the "private citizen" requirement; to the extent he alludes to the "public concern" requirement, he provides neither legal authority nor factual allegations to support his argument. *See Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007). We could affirm on this basis alone.[4] *See Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 388 (5th Cir. 2020).

However, even assuming Dusterhoft did adequately brief the "public concern" requirement, his claim still fails because his pleaded facts show that he was speaking as a public employee rather than a private citizen. In deciding whether a plaintiff spoke as a public employee or private citizen, the critical question is "whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Lane v. Franks*, 573 U.S. 228, 240 (2014). Speech-related activities undertaken in the course of performing one's job are generally unprotected. *See Paske v. Fitzgerald*, 785 F.3d 977, 984 (5th Cir. 2015). However, "if the speech-related activities are 'the kind . . . engaged in by citizens who do not

---

[4] *See Gibson v. Kilpatrick*, 838 F.3d 476, 481 n.1 (5th Cir. 2016) (noting the questions of whether someone spoke as a citizen and on a matter of public concern are two independent requirements); *Lane v. Franks*, 573 U.S. 228, 238–41 (2014) (analyzing them as separate requirements).

work for the government,'" they are protected.  *Id.* (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 423 (2006)).

Here, it is undisputed that Dusterhoft attended the July 2017 meeting in his role as a police officer to discuss his employment status.  This context indicates that he spoke as a public employee.  *See id.* ("We also note that private citizens do not generally have the right to participate in closed-door meetings of ranking police officers.").  Further, Dusterhoft raised his concerns solely in response to the news of his demotion,[5] and his speech focused on internal policy concerns.  This type of speech is not the type typically engaged in by private citizens.

Dusterhoft contends that he spoke as a private citizen because Arellano was not within his formal "chain of command."  Although some of our cases note that speech is generally unprotected when taken up the chain of command, the inquiry into an employee's speech is not limited to this formal requirement.  *See, e.g.*, *Rushing v. Miss. Dept. of Child Prot. Servs.*, No. 20-60105, 2022 WL 873835, at *3 (5th Cir. Mar. 24, 2022) (holding that complaints to a coworker were unprotected).  Instead, we consider several factors, including whether the speech was "made publicly or to individuals outside the speaker's organization."  *Johnson v. Halstead*, 916 F.3d 410, 422 (5th Cir. 2019).  Dusterhoft's complaint makes clear that Arellano is internal to Dusterhoft's organization.  Although Arellano is not a Department police officer, he is a city official who, as the district court noted, directly supervised

---

[5] This allegation also raises a causation issue.  Dusterhoft argues that he was demoted because of his speech at the July 2017 meeting, but the complaint alleges that Manley and Arellano informed him of the demotion *before* he raised concerns about the Department.  Indeed, the demotion was the whole reason for the meeting, not caused by the meeting.

No. 23-50313

Manley.[6] Further, the complaint alleges that Arellano attended the July 2017 meeting to inform Dusterhoft of his demotion, and privately discussed the decision with Manley after asking Dusterhoft to leave the room. These allegations show that Arellano was involved in the Department's employment decisions. Because Arellano attended the July 2017 meeting to discuss an internal Department issue, his presence does not render Dusterhoft's speech constitutionally protected. *Cf. Foerster v. Bleess*, No. 20-20583, 2022 WL 38996, at *3 (5th Cir. Jan. 4, 2022) (concluding that a police chief's report to the city manager undercut his First Amendment claim because the city manager was in his chain of command).

## IV.    Conclusion

Considering the complaint as a whole, the district court did not err in dismissing Dusterhoft's claims because he spoke as a public employee.[7] Accordingly, we AFFIRM the district court's dismissal of Dusterhoft's § 1983 claims for First Amendment retaliation and conspiracy.

---

[6] The district court took judicial notice of the City of Austin's organizational chart. *See Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011) (noting that courts may take judicial notice of matters of public record when ruling on a 12(b)(6) motion).

[7] Dusterhoft's conspiracy claim fails because he has not shown a violation of his First Amendment right. *See Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) ("[A] conspiracy claim is not actionable without an actual violation of section 1983." (quotation omitted)). Further, because Dusterhoft has failed to show that his speech was constitutionally protected, we need not reach the issues of causation or municipal liability, other than the concerns we expressed regarding causation in footnote five.